[Cite as *State v. Wheeler*, 2011-Ohio-5565.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                    :

                                 :       Appellate Case No. 24427

         Plaintiff-Appellee       :

                                 :       Trial Court Case No. 2009-CR-1640

v.                         :

                                 :       (Criminal Appeal from

ERIC D. WHEELER       :    Common Pleas Court)

                                 :

         Defendant-Appellant    :

                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #0084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ERIC D. WHEELER, #619-706, London Correctional Institution, Post Office Box 69, London, Ohio 43140
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Eric D. Wheeler appeals from an order denying his petition for post-conviction relief, without a hearing. In his petition, Wheeler claimed that his trial counsel was ineffective in preparing for, and prosecuting, his motion to suppress

evidence, as a result of which his motion to suppress was overruled. Wheeler claims that in consequence of the overruling of his motion to suppress, he was forced to plead guilty to Possession of Controlled Substances, in violation of R.C. 2925.11(A), because the drugs he was attempting to suppress were found on his person.

{¶ 2} We conclude that even if everything set forth in Wheeler's affidavit in support of his petition for post-conviction relief is taken as true, it falls short of establishing ineffective assistance of trial counsel. If we accept as true Wheeler's claim that his counsel told him he could not testify at his suppression hearing, he has not pointed to anything to which he would have testified that would have changed the outcome. If we accept as true Wheeler's claim that his counsel failed to review the police report before the suppression hearing, nothing in that report, which Wheeler attached to his affidavit, leads to a conclusion that the police officer who patted him down and found the drugs lacked authority to do so. Accordingly, the order from which this appeal is taken is Affirmed.

I

{¶ 3} Early one evening in May 2009, Officers Michael Fuller and Halbert of the Dayton Police Department were patrolling the area of North Main Street near Main Mart, a convenience store. Both officers had received numerous complaints of drug activity and open-air drug sales taking place in the convenience store parking lot along with other illegal activity. Noticing a Jeep Cherokee from which no one was exiting and to which no one was approaching, the officers decided to engage the occupants in conversation.

{¶ 4} After parking their police cruiser behind the vehicle Wheeler occupied, but not in such close proximity as to block that vehicle, the officers approached. As Officer Fuller

approached the vehicle, he noticed Wheeler's window was down and, at that time, smelled a strong odor of marijuana emanating from the vehicle. Officer Fuller also noticed that Wheeler's hands were shaking badly. Officer Fuller requested Wheeler to exit the vehicle so he could search for narcotics based on that smell. Upon exiting, Wheeler reached under his sweatshirt and into the waistband of his pants. Officer Fuller testified that Wheeler consented to a pat-down search of his person for weapons; in his affidavit, Wheeler denies having consented to the pat-down. Wheeler again reached inside his sweatshirt and into his pants. Officer Fuller was concerned that Wheeler could be in possession of a weapon and asked Officer Halbert to handcuff Wheeler in order to continue the pat-down.

{¶ 5} Continuing with the search, Officer Fuller felt what he recognized to be crack cocaine near the area of Wheeler's thighs. Officer Halbert retrieved the suspected crack cocaine, and subjected it to a cobalt reagent test. The test was positive. Officer Fuller also found two sums of money on Wheeler's person, in the total amount of $1,542. Wheeler was placed in custody and advised of his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. During booking procedures, a small bag of marijuana was found in Wheeler's left pants pocket, for which Wheeler was issued a minor misdemeanor citation.

{¶ 6} Wheeler was charged with Possession of Controlled Substances, in violation of R.C. 2925.11(A), a felony of the third degree. Wheeler moved to suppress the evidence, contending that it was obtained as the result of an unlawful search and seizure. The trial court overruled his motion to suppress. Thereafter, Wheeler pled guilty to the charge, and was sentenced accordingly.

{¶ 7} Wheeler appealed from his conviction and sentence. In July, 2011, we

affirmed. *State v. Wheeler*, Montgomery App. No. 24112, 2011-Ohio-3423.

**{¶ 8}** Before we decided Wheeler's direct appeal, he filed the petition for post-conviction relief with which this appeal is concerned. The State moved for summary judgment, and the trial court, in an entry filed December 17, 2010, sustained the State's motion for summary judgment and overruled Wheeler's petition for post-conviction relief, without a hearing.

**{¶ 9}** From the order overruling his petition for post-conviction relief, Wheeler appeals.

II

**{¶ 10}** Wheelers sole assignment of error is as follows:

**{¶ 11}** "THE TRIAL COURT ABUSED IT'S [sic] DISCRETION WHEN IT DID NOT GRANT THE DEFENDANT'S POST-CONVICTION PETITION WHEN EVIDENCE FAVORABLE TO THE DEFENDANT WAS PRESENTED TO THE TRIAL COURT IN SHOWING THAT THE DEFENDANT SUFFRED [sic] PREJUDICE DUE [TO] INEFFECTIVE ASSISTANCE OF COUNSEL."

**{¶ 12}** There is no constitutional right to post-conviction relief; it is a narrow remedy that provides a petitioner no rights beyond those granted by the statute. *State v. Calhoun* (1992), 86 Ohio St.3d 279, 281, 1999-Ohio-102. "The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(a).

**{¶ 13}** To demonstrate ineffective assistance of counsel, a petitioner must show first that counsel's representation fell below an objective standard of reasonableness. *State v.*

*Bradley* (1989), 42 Ohio St.3d 136, 142; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674.

{¶ 14} "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Carter* (1995), 72 Ohio St.3d 545, 558.

{¶ 15} "As a result, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *State v. Sallie* (1998), 81 Ohio St.3d 673, 675.

{¶ 16} Errors complained of must amount to a substantial violation of counsel's essential duties to the client. *State v. Bradley* (1989), 42 Ohio St.3d 136, 141-42. Even if a petitioner demonstrates that his counsel took an action lying outside the wide range of reasonable professional assistance, the petitioner must then show that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 142.

{¶ 17} Wheeler claims that his appointed counsel was ineffective when she did not investigate his case fully. Wheeler argues that by only speaking with Officer Fuller once before the suppression hearing, and not having "all of the discovery" from the State, counsel was unprepared to prosecute his motion to suppress at the hearing. Furthermore, Wheeler also contends that his counsel should have let him testify at the hearing, and should have asked questions he proposed for witnesses at the hearing.

{¶ 18} The decisions trial counsel made at the suppression hearing were well within the range of reasonable professional assistance. The Supreme Court of Ohio has stated that decisions made by a trial attorney on what witnesses to call and what evidence to present fall within the realm of trial tactics and an appellate court will not ordinarily second-guess the attorney's decision in that instance unless it is clearly unreasonable. *State v. Williams* (2003), 99 Ohio St.3d 493, 511, 2003-Ohio-4396, ¶ 125. While the outcome of counsel's decisions might not be to the client's ultimate advantage, this does not establish deficient performance by counsel. See *State v. Frazier* (1991), 61 Ohio St.3d 247, 255.

{¶ 19} Wheeler attached to his affidavit in support of his petition the police report of his encounter with the police and subsequent arrest. He seems to believe that if his trial counsel had studied this report, and had used it to cross-examine Officer Fuller, the result of his suppression hearing would have been different. We have read the police report, and we agree with the trial court that it supports, rather than undermines, the lawfulness of the pat-down search of which Wheeler complains. During the encounter, which did not initially involve a stop, the officers "could smell a strong odor of marijuana coming from the vehicle." This entitled the officers to conduct a brief investigative stop, which they did. The officers asked the passengers to get out of the Jeep Cherokee, which was permissible. When Wheeler tried to place his right hand inside his clothing, Officer Fuller asked him to keep his hands where they could be seen, which was a reasonable request for the safety of the officers.

{¶ 20} The police report then chronicles that Officer Fuller asked Wheeler if he minded being patted down for weapons, and Wheeler said he did not mind. In his affidavit, Wheeler contends that he did not agree to the pat-down. Assuming that Wheeler is correct –

that he did not agree to the pat-down, we conclude that the pat-down was proper under the circumstances. These circumstances included multiple drug arrests in the area, several complaints of drug activity in the parking lot where Wheeler and the other occupants of the Jeep Cherokee were, the strong odor of marijuana, Wheeler's hands shaking, Wheeler appearing "very nervous," and Wheeler's attempt to put his right hand inside his clothing at 6:40 p.m. on a mid-May evening.

{¶ 21} When the pat-down began, Wheeler again tried to reach under his clothing with his right hand. This justified the officers' hand-cuffing Wheeler for their safety before continuing the pat-down, which resulted in the discovery of a "large chunk" of crack cocaine "between Wheeler's underwear and the middle of his butt cheeks."

{¶ 22} The police report, which Wheeler faults his trial attorney for not having used during the suppression hearing, contains nothing that could have been used to obtain a favorable outcome. Even if we assume that Wheeler's trial counsel did not review the police report before, or during, the hearing, as Wheeler alleges, that omission did not prejudice Wheeler.

{¶ 23} Wheeler also avers that his trial counsel told him he could not testify at his suppression hearing. But the only thing Wheeler avers that he would have testified to that contradicted the police report is that he would have denied that he consented to a pat-down search for weapons. This would not have changed the result, because, as noted above, the police had the right under the circumstances to pat him down for weapons with or without his consent.

{¶ 24} Wheeler's sole assignment of error is overruled.

III

{¶ 25} The State argues, and the trial court found, in the alternative, that Wheeler's ineffective assistance of counsel claim is barred by res judicata, since he could have raised the issue of ineffective assistance of counsel in his direct appeal. In view of our conclusion that Wheeler's claim is without merit, we need not decide whether it is barred by res judicata. We do note that Wheeler claims that the ineffectiveness of his trial counsel is demonstrated by matters that were outside the record of his direct appeal, so that he could not have raised this issue on direct appeal. Ordinarily, a claim of ineffectiveness of counsel is the proper subject of a petition for post-conviction relief, not a direct appeal. *State v. Cooperrider* (1983), 4 Ohio St.3d 226.

{¶ 26} At trial, the record is made up on the issue of the defendant's guilt or innocence, not on the issue of whether his trial counsel was ineffective. Consequently, a performance by defense counsel that appears bizarre on the record of a criminal trial may have been entirely reasonable, based upon circumstances that are not reflected in the record. For example, defense counsel may not have called a family member of the defendant whose eyewitness testimony, based upon other evidence in the case, appears likely to have been exculpatory. But the record on a direct appeal would not show either of at least two possible explanations for counsel's failure to call the witness: (1) the family member's testimony would actually *inculpate* the defendant; or (2) despite counsel's pleas, the defendant refused to put a loved one through the ordeal of testifying at a public trial.

IV

{¶ 27} Wheeler's sole assignment of error having been overruled, the order of the trial

court overruling his petition for post-conviction relief is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Timothy J. Cole
Eric D. Wheeler
Hon. Steven K. Dankof