[Cite as *State v. Few*, 2012-Ohio-5407.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25161 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 11-TRD-17876 |
| v. | : | |
| | : | |
| RYAN FEW | : | (Criminal Appeal from Dayton |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2012.

. . . . . . . . . . .

JOHN J. DANISH, Atty. Reg. #0046639, by STEPHANIE L. COOK, Atty. Reg. #0067101, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

ROBERT H. HOLLENCAMP, Atty. Reg. #0084370, 130 West Second Street, Suite 2107, Dayton, Ohio 45407
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Ryan Few appeals from his conviction and sentence for

Hit and Run in violation of City of Dayton Revised Code of General Ordinances, Section

73.10, Driving Under Suspension in violation of R.C. 4510.111, Driving Under a Financial Responsibility Suspension in violation of R.C. 4510.16, and Failing to Control a Motor Vehicle in violation of R.C. 4511.202. He contends that his conviction should be reversed because his trial counsel was ineffective.

{¶ 2} We conclude that Few has failed to demonstrate that counsel's representation was deficient or that any claimed deficiency had a reasonable probability of affecting the outcome. Accordingly, the judgment of the trial court is Affirmed.

## I. Few's Brother's Car Is Involved in an Accident

{¶ 3} At about 2:45 one morning in November 2011, an accident occurred on Woodmore Drive in Dayton. The accident involved a red Volvo owned by Few's brother Kevin Few, which hit two different vehicles parked on Woodmore.

{¶ 4} Onnie Banks was in her home working at her computer when she heard the car crash. She observed the red Volvo hooked onto her friend's vehicle attempting to back up. Banks called 911. She then observed the Volvo hit a pick-up truck and swerve into a neighbor's yard. The Volvo then hit some trash cans and a tree before coming to rest on some large rocks. Banks went outside while speaking to a 911 dispatcher and asked the Volvo driver whether anyone had been injured. According to Banks, the driver of the Volvo asked her not to call 911 and stated that he had plenty of insurance to take care of any damage. Banks did not see any injuries to the driver. She then went back into her home to get a coat. When she returned, the driver had left the scene. At trial, Banks identified Ryan Few as the driver.

{¶ 5}    Pamela Miller was also at home on Woodmore Drive when she heard the crash.   She went to the front door and observed that her van, which had been sitting parked in front of her home, had been pushed past her driveway.   She then observed the red Volvo was driving in a neighbor's front yard where it hit a tree and came to rest on some large rocks. Miller testified that she only saw one person, the driver of the vehicle, who was three to four feet away from her.   She testified that the driver appeared to have some blood on his forehead but that he kept saying not to call 911 and that he had insurance.   Miller testified that she went into her home to get some shoes and that the driver had left the scene when she went back outside.   Miller identified Ryan Few as the driver of the car during trial.

## II.    The Course of Proceedings

{¶ 6}    Following a police investigation, Ryan Few was charged with four traffic offenses relating to the accident.   The matter was tried to the bench, following which Few was found guilty as charged.   He was sentenced to one hundred and eighty days in jail, but the jail time was suspended and he was placed on supervised probation for a period of one year. Few was also ordered to undergo an alcohol and drug evaluation and to perform thirty hours of community service.

{¶ 7}    From his conviction and sentence, Few appeals.

## III.   The Record Fails to Demonstrate Few's Claim
## of Ineffective Assistance of Trial Counsel

**{¶ 8}** Few's sole assignment of error states as follows:

APPELLANT RESPECTFULLY SUBMITS THAT HE WAS DENIED

HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

### A.   The Test for Ineffective Assistance of Trial Counsel

**{¶ 9}** Few contends that his trial counsel did not render effective assistance. Specifically, he claims that counsel's performance was deficient because counsel failed to: (1) timely file a notice of alibi; (2) subpoena officers who arrived at Few's residence approximately fifteen minutes after the accident; (3) assure the separation of witnesses; and (4) object to the testimony of, or properly cross-examine, police officers regarding a Field Investigation Card (F.I.C.).

**{¶ 10}** In order to reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance, and a defendant, in order to overcome the presumption that counsel is competent, must show that counsel's decisions were "not trial strategies prompted by reasonable professional judgment." *Id*. at 687.

**{¶ 11}** "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy

cannot form the basis of a finding of ineffective assistance of counsel." *State v. Nabors,* 2d Dist. Montgomery No. 24582, 2012-Ohio-4757, ¶ 17, citing *State v. Mitchell,* 2d Dist. Montgomery No. 21957, 2008-Ohio-493, ¶ 31. Even if unsuccessful, strategic decisions will not constitute ineffective assistance of counsel. *State v. Carter,* 72 Ohio St.3d 545, 558, 1995-Ohio-104, 651 N.E.2d 965.

**B.   The Record Fails to Demonstrate that Few's Trial Counsel Was Made**

**Aware of his Claim of Alibi in Time to File a Timely Notice of Alibi;**

**Nor Does the Record Demonstrate that Counsel Was Made Aware**

**of the Place Where Few Claimed to Have Been at the Time of the Offense**

**{¶ 12}**   We turn first to the issue of the notice of alibi. Few contends that the notice was not timely filed and was deficient on its face. The notice of alibi was filed on March 8, 2012, the day *after* the trial. The notice stated as follows: "Now comes the Defendant, by Counsel, and gives notice of his Alibi. Defendant was not driving an automobile on the night in question in this case." According to the transcript of the trial, the prosecutor's office received a copy of the notice at 4:04 p.m. the day before the trial began. The trial court noted, on the day of the trial, that it had not been presented with "any time-stamped copies to show that a notice of alibi has been submitted." Therefore, the trial court ruled that it would prohibit any evidence of alibi at trial.

**{¶ 13}**   The record shows that Few presented two witnesses, Nir Naor and Jaimee Halcomb, whom he contends were prevented from testifying that they were with him at his home during the time of the accident. Indeed, both testified that they were at Few's

residence, which Few shared with his brother Kevin, for a couple of hours before the police appeared at the residence at 3:00 a.m. The two witnesses were not permitted to testify whether Few was with them during the time they were at his home.

{¶ 14} Crim.R. 12.1 provides:

> Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.

{¶ 15} Under the Rule, the notice was not timely filed. Furthermore, the notice did not "include specific information as to the place at which [Few] claim[ed] to have been at the time of the alleged offense." Therefore, the notice was deficient. However, there is nothing in the record to reflect that trial counsel was made aware of Few's claimed alibi seven days prior to the date of the trial. Nor is there anything in the record to reflect that Few informed his trial counsel of where he claimed to have been at the time of the offense. Therefore, the record does not demonstrate Few's claim that his trial counsel was deficient for having failed to comply with the Rule.

**C.   The Record Fails to Demonstrate that the Failure to**

**Subpoena Certain Police Officers Had a Reasonable**

**Probability of Affecting the Outcome of the Trial, Because the Record**

**Fails to Demonstrate What Their Testimony Would Have Been**

{¶ 16}   We next turn to the question of whether counsel was deficient for failing to subpoena the officers who questioned Few at his home shortly after the accident.   Few contends that all the defense witnesses, including himself, testified that officers arrived at his home approximately fifteen minutes after the accident occurred, and that the officers were in a position to make observations regarding whether Few showed any signs of injury, as claimed by one of the State's witnesses.

{¶ 17}   The record fails to demonstrate what these officers would have testified to concerning signs of injury to his person.   Without some indication in the record as to what the officers' testimony would have been, we cannot determine that the failure to have subpoenaed them, assuming that failure constituted deficient representation, had a reasonable probability of affecting the outcome of the trial.

**D.   The Record Fails to Demonstrate that If Trial Counsel Had Ensured that**

**One Witness Had Complied with an Order of Separation, There Is a**

**Reasonable Probability that the Outcome Would Have Been Different**

{¶ 18}   Next, we turn to the claim that counsel failed to ensure that Few's witnesses obeyed the trial court's order for separation of the witnesses.   Few contends that after the trial court granted a motion for the separation of witnesses, counsel "failed to assure compliance on the granted motion," and that the unidentified witness who had remained in the courtroom

during the proceedings was excluded from providing testimony on behalf of Few. The record shows the following colloquy took place regarding this matter:

THE PROSECUTOR: Judge, before we begin I know that I had moved for a separation of witnesses and I believe the witness that is about to testify has remained in the courtroom throughout the entire testimony that was given by the State's case in chief.

DEFENSE COUNSEL: This witness came in, your Honor * * * I was unaware that she came into the room. She came in later.

THE COURT: No counsel. She was sitting back there when you told the first two witnesses to leave. She was present during the entire testimony of the first four witnesses. You told her to leave . . . you told her to leave prior to the testimony prior to the last officer. She was sitting right there with the other two witnesses when you asked them to step out. So she was in here the entire time.

DEFENSE COUNSEL: Ok, mam [sic], mam [sic]...

WITNESS: I can't testify.

THE COURT: No. Unfortunately you were in during the testimony of the other witnesses so you are unable to testify at this point. Tr. 60-61.

{¶ 19} Defense counsel did not object to the exclusion and did not proffer any testimony from the witness. Few does not identify the woman nor does he state how he was prejudiced by the exclusion of the woman. Even if trial counsel was deficient in failing to ensure that the unnamed witness comply with the order of separation, from this record, it is

impossible to determine that there is a reasonable probability that the outcome would have been different had the deficiency not occurred.

**E. Had Trial Counsel Interposed an Objection to the Testimony of Two Police Officers Concerning Information on a Field Investigation Card, There Is No Reasonable Probability that the Outcome of the Trial Would Have Been Different**

**{¶ 20}** Finally Few argues that trial counsel was deficient for failing to object to, and properly cross-examine, the testimony of two officers that a Field Investigation Card indicated that Few was the one who normally drove the Volvo, despite the fact that the car belonged to his brother. Specifically, the following colloquies took place between the prosecutor and Officers Schloss and Humston, who were involved in the investigation of the accident:

Q: Were you ultimately able to run that information and determine who the registered owner of the vehicle was?

A: [Officer Schloss] Yes.

Q: And who did that registered owner come back to?

A: Kevin Few.

Q: OK. And did you attempt to make contact with Mr. Few regarding the particular matter?

A: Yes. We ... after running the plate, FIC's came back on the plate of Ryan Few who is known to drive this vehicle and he's not valid to drive.

Q: OK.

A: The registered address is right around the corner [from the accident site] and officers responded to the address to try to make contact with Kevin.

Q: OK. So it indicated that Ryan was the one typically driving not Kevin. But Kevin was the registered owner?

A: Yes

* * *

Q: OK. Based upon the information that you possessed at that time, were you able to determine who the registered owner of the vehicle was?

A: [Officer Humston] Yes, I was.

Q: And who was that?

A: It was a Kevin Few.

Q: And did the name Ryan Few ever come into your investigation?

A: When I ran the plate there was an FIC in the System that said Ryan Few actually used Kevin's information to get out of no O.L. tickets. Tr. 44-45, 49.

{¶ 21} Few is correct that defense counsel neither objected to the F.I.C. information, nor conducted cross-examination of either officer on the subject. This testimony, assuming it was objectionable, was of tangential relevance. It merely established that Few often drove his brother's car. This did not prove that Few drove the car at the time of the offense, and the factfinder, a judge of the Dayton Municipal Court, would be presumed not to have taken this evidence as proof, beyond reasonable doubt, that Ryan Few was the driver of the car at the time of the accident. Given that two eyewitnesses positively identified Ryan Few as the driver, we conclude that there is not a reasonable probability that the outcome of the trial would have been different if trial counsel had interposed an objection to this line of testimony.

{¶ 22}  We conclude that Few has failed to demonstrate, on the record before us, that his trial counsel was deficient and that there is a reasonable probability that the result of the trial would have been different if the deficiency or deficiencies had not occurred.   Few's sole assignment of error is overruled.

## IV.   Conclusion

{¶ 23}  Few's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

Copies mailed to:

John J. Danish
Stephanie L. Cook
Robert H. Hollencamp
Hon. Christopher D. Roberts