[Cite as *State v. Marsh*, 2013-Ohio-2949.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                          )
                                        )     CASE NO.    12 MA 40
        PLAINTIFF-APPELLEE,             )
                                        )          OPINION
        - VS -                          )            AND
                                        )     JUDGMENT ENTRY
MICHAEL MARSH,                          )
                                        )
        DEFENDANT-APPELLANT.            )


CHARACTER OF PROCEEDINGS:        Application for Reopening.


JUDGMENT:                        Application for Reopening Denied.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Paul Gains
                                 Prosecuting Attorney
                                 Attorney Ralph Rivera
                                 Assistant Prosecuting Attorney
                                 21 West Boardman Street
                                 Youngstown, Ohio  44503


For Defendant-Appellant:         Michael Marsh, *Pro se*
                                 #623-088
                                 Belmont Correctional Institution
                                 P.O. Box 540
                                 St. Clairsville, Ohio  43950


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                 Dated:   June 19, 2013

PER CURIAM.

¶{1} Defendant-appellant Michael Marsh was charged with second degree felony robbery in violation of R.C. 2911.02(A)(2), which entails inflicting, attempting to inflict, or threatening to inflict physical harm on another in attempting or committing a theft offense or in fleeing immediately thereafter. He had various prior convictions. The state offered to recommend two years in prison if appellant pled as charged. He refused the offer and proceeded to a jury trial after which he was found guilty and sentenced to six years in prison.

¶{2} In the direct appeal, appellate counsel urged that trial counsel's advice concerning the plea or chances of winning at trial constituted ineffective assistance of counsel. We overruled that argument. *State v. Marsh*, 7th Dist. No. 12MA40, 2013-Ohio-757. Appellant has filed a timely application to reopen his appeal under App.R. 26(B), setting forth two potential assignments of error that he believes appellate counsel was ineffective for failing to raise. For the following reasons, the application to reopen is denied.

¶{3} A defendant in a criminal case may apply for reopening of his direct appeal based upon a claim of ineffective assistance of counsel. App.R. 26(B)(1). The defendant must set forth one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits or that were considered on an incomplete record due to appellate counsel's deficient performance. App.R. 26(B)(2)(c). An application for reopening shall be granted if there is a genuine issue as to whether the defendant was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5).

¶{4} In determining whether a defendant-appellant has received ineffective assistance of appellate counsel, we apply the two-pronged analysis from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): deficient performance and prejudice. Thus, the applicant must point to: (1) an error or omission in failing to raise the issue now raised that fell below an objective standard of reasonableness, and (2) a reasonable probability of success on appeal had that error or omission not been made. *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-

5277, 896 N.E.2d 699, ¶ 10-11, citing *State v. Sheppard*, 91 Ohio St.3d 329, 330, 744 N.E.2d 770 (2001). In seeking reopening, the appellant bears the burden of demonstrating that there is a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of appellate counsel. *Id.*, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

**¶{5}** Appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Counsel is expected to focus on strong arguments and winnow out the weaker ones. *State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶ 8-12, citing *Jones*, 463 U.S. at 751–752 ("Multiplicity hints at lack of confidence in any one [argument]").

**¶{6}** As aforementioned, appellate counsel argued that trial counsel rendered ineffective assistance of counsel by causing appellant to reject a favorable plea bargain offered by the state, urging that he would have accepted a plea agreement with a recommendation of two years if counsel would not have caused him to believe that that they could win at trial. *See Marsh*, 7th Dist. No. 12MA40. This argument revolved around a recent case from the United States Supreme Court where counsel's erroneous advice resulted in the rejection of a favorable plea agreement. *See Lafler v. Cooper*, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012).

**¶{7}** In *Lafler*, the Court held that a defendant has the right to effective assistance of counsel in considering whether to accept a plea offered by the prosecution and thus the two-part *Strickland* test applies on review. *Id.* at 1387. The Court rejected the state's argument that there is no prejudice if the defendant is later convicted after a fair trial. *Id.* at 1385 (deficient performance had been stipulated). The Court then agreed that the defendant in that case suffered prejudice and outlined certain remedies available on remand. *Id.* at 1389, 1391. We distinguished *Lafler* and found no deficient performance or prejudice regarding the entry of appellant's plea. *Marsh*, 7th Dist. No. 12MA40 at ¶ 24-29.

**¶{8}** One of the issues now raised by appellant in his request to reopen is directly contradictory to the arguments presented in support of the assignment of

error that was fully briefed in the direct appeal. That is, in his application for reopening, appellant contends that appellate counsel should have raised sufficiency of the evidence as an assignment of error. He urges that there was insufficient evidence that he was the cause of the physical harm suffered by the security guard whose hands were scratched and bleeding.

**¶{9}** As the assignment of error raised on appeal argued that trial counsel rendered ineffective assistance of counsel by advising that the case was possibly winnable when it was not, it would have been contradictory to simultaneously argue that the evidence was insufficient as a matter of law. Although appellate counsel could have briefed the issues in the alternative, he was not required to do so in order to avoid rendering deficient performance. If "[m]ultiplicity hints at lack of confidence in any one" argument, then wholly contradictory arguments are even less desirable. *See Adams*, 7th Dist. No. 08MA246 at ¶ 8-12, citing *Jones*, 463 U.S. at 751–752.

**¶{10}** Thus, appellate counsel did not render deficient performance by failing to raise sufficiency of the evidence. We also conclude a lack of prejudice as appellant has failed to demonstrate that had sufficiency been presented as an argument in the direct appeal, this court would have reversed his conviction.

**¶{11}** Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements proven beyond a reasonable doubt. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998); *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). When evaluating the sufficiency of the evidence to prove the elements, circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272–273, 574 N.E.2d 492 (1991).

**¶{12}** Appellant focuses his insufficient evidence argument on the security guard's testimony which he believes was contradictory. The security guard testified: that appellant scratched the top of his hand while "trying to fight his way to make sure

he's able to leave," that appellant "was scratching at my arms and my hand to get my grip off him," and that appellant was "trying to get my wrap off of him physically by trying to rip my hand off with his, and he ended scratching me with his fingernails and trying to use as much force as he can possibly to resist me and to leave out the door." (Tr. 206-207, 222-224).

**¶{13}** Appellant believes that the security guard then admitted that he may have scratched his hand while pushing appellant into the wall. However, the security guard did not testify in this manner. In fact, the security guard testified that he was certain that he did not cause the injury to himself in the altercation with appellant. (Tr. 207). As we set forth in our prior opinion, *the assistant manager* testified that he saw appellant trying to remove the security guard's hands, that he did not see the actual act of scratching, and that it was possible that the guard's hands hit the wall during the altercation. *Marsh*, 7th Dist. No. 12MA40 at ¶ 11; (Tr. 238, 247, 249-250).

**¶{14}** Because appellant is confusing the security guard's testimony with the assistant manager's testimony, his argument here is misguided.[1] In viewing the evidence in the light most favorable to the prosecution, some rational trier of fact could use the security guard's testimony to find that appellant clawed his hands as he was attempting to flee after the theft and that he thus committed robbery. *See Goff*, 82 Ohio St.3d at 138. There is no reasonable probability that had appellate counsel raised sufficiency, appellant's conviction would have been reversed.

**¶{15}** The other argument raised by appellant in seeking reopening is that appellate counsel was ineffective by failing to argue that trial counsel was ineffective because he did not request a jury instruction on the lesser included offense of theft and that the trial court committed plain error by failing to provide such an instruction. He characterizes this as a "deadbang winner" claim.

---

[1]In appellant's statement of facts, but not in the argument section of his application, appellant also contends that that the responding police officer committed perjury, claiming that the officer testified that appellant was fighting in the parking lot when he arrived. However, appellant is again misreading the testimony. The sergeant testified that when he arrived, security had already brought appellant back to the office. (Tr. 254). The mention of the parking lot was a reference to the third call received by dispatch wherein a bystander reported that there was a fight in the parking lot. (Tr. 253). The sergeant never testified that he saw appellant fighting with security in the parking lot. (Tr. 251-262).

¶{16} Initially, we note that part of this argument is based upon the misconceptions regarding the security guard's testimony. As explained above, the security guard did not state that the scratches may have been caused by his act of pressing appellant into the wall. Rather, he specifically testified that appellant scratched him while trying to pry his hands away.

¶{17} Next, we point out that the failure to request an instruction on a lesser included offense is typically considered a matter of trial tactics rather than ineffective assistance of counsel. *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764; *State v. Hlinovsky*, 7th Dist. no. 09BE19, 2011-Ohio-6421, ¶ 128. Appellate courts are to refrain from second-guessing the strategic decisions counsel made at trial, even where counsel's trial strategy was debatable. *See, e.g., State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 152.

¶{18} Appellant testified that he admitted he was shoplifting, that he did not scratch anyone, and that had he scratched the guard, he would have taken the plea bargain. (Tr. 288). The strategy presented during the trial testimony and in opening and closing was to admit that appellant committed the theft and hope the jury would believe that he did not cause the injury to the security guard. (Tr. 194-195, 300-301).

¶{19} The all-or-nothing position is an acceptable trial strategy, and is one the defendant inevitably regrets in hindsight when it does not result in acquittal. In *Griffie*, the Ohio Supreme Court specifically upheld an appellate court's denial of an application for reopening that was based upon trial counsel's failure to request a lesser included offense instruction, concluding that the matter was one of trial strategy. *Griffie*, 74 Ohio St.3d at 333 (noting that the record may reveal that counsel did not request a certain instruction, but does not reveal why he did not request the instruction and thus a court of appeals would have to guess as to why trial counsel did not make the request).

¶{20} Lastly, as the matter is one of trial tactics, it is not plain error for a court to fail to sua sponte provide a lesser included offense instruction. *State v. Viers*, 7th Dist. No. 01JE19, 2003-Ohio-3483, ¶ 48. Consequently, appellate counsel was not

ineffective for failing to raise this issue on appeal. For all of these reasons, the application to reopen is denied.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.