[Cite as *State v. Dover*, 2015-Ohio-4785.]

App.R. 26(B) opinion, see 2014-Ohio-2303

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-58 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CR-511B |
| v. | : | |
| | : | (Criminal Appeal from |
| JEREMY DOVER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 20th day of November, 2015.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 424 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jeremy Dover was convicted of Aggravated Robbery, a

felony of the first degree, with a firearm specification. He appealed; we affirmed. *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303. We granted Dover's application to re-open this appeal on the sole issue of whether his appellate counsel was ineffective for having failed to assign as error that his trial counsel was ineffective for having failed to request a jury instruction on the lesser-included offense of Robbery. The State contends that trial counsel's decision not to request the lesser-included offense instruction was based on reasonable trial strategy, and does not constitute ineffective assistance of counsel.

{¶ 2} We conclude that no prejudice occurred as a result of trial counsel's alleged ineffective assistance of counsel. Therefore, the sole assignment of error is overruled and the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} The facts which led to Dover's conviction are set forth in *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2014-Ohio-2303, ¶ 3-7. Dover used a gun to steal the victim's purse, which contained approximately $1750. The victim testified that "Dover was the man who held the gun to her back and demanded that she give the money or he would kill her." *Id.* at ¶ 5. Upon cross-examination, Dover's trial counsel attempted to discredit the victim's conclusion that Dover used a gun in the offense, because she only felt the object in her back, and when she turned around she only saw two to three inches of a shiny silver gun, but did not see the barrel or the handle. Transcript pg. 109. No gun was recovered, and, therefore, no gun was introduced into evidence. In closing arguments, Dover's counsel stressed that "if there was no gun, there is no conviction in this case.

You must find Jeremy not guilty, because they have not proven beyond a reasonable doubt each essential element of the crime and one of those is that there was a gun." Transcript at 238. In his closing, trial counsel continued to review the evidence, stressing numerous times that no one saw a gun or found a gun, concluding, "The Samples, Mr. Carter, all saw these people running immediately afterwards. Nobody saw a gun. Nobody saw anyone ditch a gun. Nobody found a gun." *Id.* at 242. The record supports a conclusion that the strategy of trial counsel was to convince the jury that the State had failed to prove all the elements of Aggravated Robbery, which includes the use of a deadly weapon to commit the offense.

{¶ 4} In the original appeal, we rejected the argument that the conviction is against the manifest weight of the evidence, because we concluded that a jury could have reasonably concluded that Dover had used a gun in the commission of the robbery. We concluded that although Dover could fairly argue to the jury that there was reasonable doubt that Dover used a gun to threaten the victim, "none of these points, taken individually or collectively, persuade us that the jury lost its way in choosing to credit Dixon's testimony that Dover pointed a gun at her back and demanded that she give them her purse, or he would kill her." *Dover* at ¶ 20.

{¶ 5} In the original appeal, we also rejected the argument that the trial court had erred by failing to give an instruction on the lesser-included offense of Theft. The record establishes that when trial counsel asked for an instruction on the offense of Theft, the request was rejected but the trial court did state on the record that the facts presented a possible conviction for the lesser-included offense of Robbery. Even though the State acknowledged that Robbery could be charged as a lesser-included offense, neither the

State nor defense counsel requested an instruction for Robbery, and it was not given. In our decision to allow the appeal to be re-opened we agreed that an arguable issue could be raised alleging that appellate counsel was ineffective for having failed to assign as error trial counsel=s ineffectiveness by failing to request an instruction for Robbery. We did not allow the appeal to be reopened to address an assignment of error that the trial court abused its discretion by failing to instruct on Robbery, because that claim did not have a substantial chance of success.

**II. Appellate Counsel Was Not Ineffective by Failing to Raise Trial Counsel's Failure to Request an Instruction on the Lesser-Included Offense of Robbery**

{¶ 6} In his sole assignment of error, Dover alleges as follows:

APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTION.

{¶ 7} To establish a claim for ineffective assistance of counsel, the defendant has the burden of demonstrating that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) there is a reasonable probability that the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *State v. LeGrant*, 2d Dist. Miami No. 2013-CA-44, 2014-Ohio-5803, ¶ 26, citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, to reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective

standard of reasonableness, and that counsel's deficiencies were serious enough to create a reasonable probability that, but for the deficiencies, the result of the trial would have been different.

{¶ 8} In the case before us, the alleged deficiency of trial counsel was the failure to request a jury instruction on the lesser-included offense of Robbery. Because trial counsel raised no objection at trial to the failure to give a lesser-included offense instruction, the issue was not preserved for appeal, unless it presents a "plain error". "We have found plain error when three elements are met: 1) there must be an error or deviation from a legal rule, 2) that error must be plain, defined as 'an obvious defect in the trial proceedings,' and 3) the error must have affected a 'substantial right,' meaning the error must have affected the ultimate outcome, and a correction is needed to 'prevent a manifest miscarriage of justice.' " *State v. LeGrant*, *supra* at ¶ 9, citing *State v. Barnes,* 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002).

{¶ 9} As discussed in the first appeal, the failure to give a Robbery instruction was obvious – it was pointed out by the trial court and acknowledged by the State on the record. Not giving an instruction for the lesser-included offense was a deviation from the rule of law established in *State v. Wine*, 140 Ohio St. 3d 409, 2014-Ohio-3948, 18 N.E. 3d 1207, which holds that a trial court has an obligation to give a lesser-included offense instruction where the evidence warrants it, even over the objection of defense counsel. In the present case, the facts did warrant an instruction on the lesser-included offense of Robbery, because the defense was based on a claim that the State had failed to prove one element of the offense of Aggravated Robbery, and sufficient testimony was elicited through cross-examination of the victim to challenge whether Dover had committed the

Robbery offense with the use of a deadly weapon. If the jury found reasonable doubt that Dover utilized a deadly weapon during the course of the offense, it could reasonably have concluded that Dover committed the offense of Robbery, but did not commit the offense of Aggravated Robbery. The only disputed issue is whether the failure to request the instruction affected a substantial right to the extent that it affected the ultimate outcome and resulted in manifest injustice.

{¶ 10} It is well established that ineffective assistance of counsel affects a substantial right afforded by the United States and Ohio Constitutions. *Strickland v. Washington, supra*; *State v. Bradley*, 42 Ohio St. 3d 136, 538 N.E. 2d 373 (1989). "Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance, and a defendant, in order to overcome the presumption that counsel is competent, must show that counsel's decisions were 'not trial strategies prompted by reasonable professional judgment.'" *State v. Few*, 2d Dist. Montgomery No. 21561, 2012-Ohio-5407, ¶ 10, quoting *Strickland* at 687. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *Id.* at ¶ 11, quoting *State v. Nabors,* 2d Dist. Montgomery No. 24582, 2012-Ohio-4757, ¶ 17. "Even if unsuccessful, strategic decisions will not constitute ineffective assistance of counsel." *Id.*, citing *State v. Carter,* 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Generally, the decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not a basis of a finding of ineffective assistance of counsel. *State v. Moss*, 2d Dist. Montgomery No. 22496, 2008-Ohio-6969, ¶ 35, citing S*tate v. Murphy,* 91 Ohio St.3d 516, 524, 747 N.E.2d

765 (2001); *State v. Dixon,* 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 52

{¶ 11} When the issue of effective assistance is appealed, reviewing courts are often faced with that task of scrutinizing whether an attorney's conduct was based on sound trial strategy, or was constitutionally defective. In those cases, we have recognized that:

"Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Carter* (1995), 72 Ohio St.3d 545, 558.

"As a result, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance." *State v. Sallie* (1998), 81 Ohio St.3d 673, 675.

*State v. Wheeler*, 2d Dist. Montgomery No. 24427, 2011-Ohio-5565, ¶¶ 14-15.

{¶ 12} Whether to request a lesser-included offense instruction, or to seek an acquittal based on an "all or nothing" approach has been considered a matter of trial strategy. "Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." *State v. Lyle*, 3d Dist. Allen No. 1-14-41, 2015-Ohio-1181, ¶ 37, quoting *State v. Griffie,* 74 Ohio St.3d 332, 333, 658 N.E. 2d 764 (1996), citing *State v. Clayton,* 62 Ohio St. 2d 45, 402 N.E. 2d 1189 (1980). To find reversible error, we must conclude that the trial strategy was so deficient that manifest injustice occurred. "Deficient performance means that claimed errors were

so serious that the defense attorney was not functioning as the 'counsel' that the Sixth Amendment guarantees." *State v. Ulery*, 2d Dist. Clark No. 2009-CA-5, 2010-Ohio-376, ¶ 10, citing *State v. Cook*, 65 Ohio St.3d 516, 524, 605 N.E.2d 70 (1992).

{¶ 13} The "all or nothing" trial strategy has been reviewed and considered competent and effective when the evidence presented to a jury has a reasonable chance of being viewed as insufficient to meet the State's burden of proof. *See, e.g.*, *State v. Taylor*, 10th Dist. Franklin No. 12AP-870, 2013-Ohio-3699, ¶ 41; *State v. Marsh*, 7th Dist. Mahoning No. 12 MA 40, 2013-Ohio-2949, ¶19; *State v. Bell,* 2d Dist. Montgomery No. 22448, 2009-Ohio-4783, ¶ 52. In light of the holding in *State v. Wine, supra,* which suggests that a court is required to give the lesser included-offense instruction, when warranted by the facts, it might be argued that an all-or-nothing defense may not be an available trial strategy. But if defense counsel does not request a lesser-included instruction, if the trial court, despite its obligation to do so, does not give the instruction, and if the jury finds a failure of proof on the element required for the offense charged and acquits the defendant, then double-jeopardy will protect the defendant from conviction of the lesser-included offense. This suggests that defense counsel's failure to request a lesser-included instruction may be a sound trial strategy, notwithstanding the trial court's duty, under *Wine*, to give the instruction anyway.

{¶ 14} Subsequent to the Court's ruling in *State v. Wine*, we have rendered decisions in three appeals involving an alleged error by the trial court when an instruction for a lesser-included offense was not given, but each is distinguishable from the case before us. In *State v. Conley*, 2d Dist. Montgomery No. 26359, 2015-Ohio-2553, *State v. Pullen*, 2d Dist. Montgomery No. 25829, 2015-Ohio-552, and *State v. Coots*, 2015-Ohio-

126, 27 N.E. 3d 47 (2d Dist.), we concluded that the lesser-included offense instruction was not warranted by the facts, so that the trial court did not err when it failed to give the instruction. In the case before us, there is a reasonable view of the evidence under which Dover could have been convicted of Robbery, but acquitted of Aggravated Robbery, if the jury was not persuaded by the victim's testimony that Dover threatened her with a gun. Therefore, counsel's failure to seek the instruction on the lesser-included offense of Robbery may have rendered his representation ineffective.

{¶ 15}   Nonetheless, counsel's ineffectiveness in this regard is not reversible error unless there exists a substantial likelihood that correction of the error would result in a different outcome. In the case before us, we are not persuaded that the evidence was overwhelmingly in favor of an acquittal on the charge of Aggravated Robbery. We cannot say the jury lost its way when weighing the credibility of the victim's testimony so as to accept her conclusion that Dover was holding a gun to her back and threatened to kill her, in the course of the theft of her purse. Thus, we conclude that counsel's failure to request the lesser-included offense, or to object to the court's failure to give the instruction, did not result in manifest injustice and does not constitute plain error.

{¶ 16}   Dover's sole assignment of error is overruled.

### III. Conclusion

{¶ 17}   Dover's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Ryan A. Saunders
Jay A. Adams
Hon. Richard J. O'Neill