[Cite as *State v. Willis*, 2017-Ohio-8924.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                          Court of Appeals No. WD-16-048

    Appellee                                      Trial Court No.  2015CR0549

v.

Christopher S. Willis                             **DECISION AND JUDGMENT**

    Appellant                                     Decided:  December 8, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Edward J. Stechschulte, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Christopher Willis, appeals the September 27, 2016 judgment of the Wood County Court of Common Pleas sentencing him to community control for three misdemeanor convictions.  For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} On December 12, 2015, two deputies from the Wood County Sheriff's Office found a car stopped in the middle of the road. Willis was passed out in the front passenger seat. The deputies could not wake him, so they broke the car window to remove Willis from the vehicle. They also called an EMS squad to examine Willis. In the ambulance, Willis flailed around and kicked the deputies. Because of the smell of alcoholic beverages about Willis's person, the deputies obtained a warrant to draw Willis's blood; the results showed that Willis's blood alcohol level was over the legal limit.

{¶ 3} On January 7, 2016, Willis was indicted on four charges: two counts of assault in violation of R.C. 2903.13(A) and (C)(5), both fourth-degree felonies; driving under OVI suspension in violation of R.C. 4510.14(A) and (B)(1), a first-degree misdemeanor; and operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(a), a first-degree misdemeanor.

{¶ 4} On September 27, 2016, after multiple pretrials, several motions, and two changes of counsel, Willis agreed to plead guilty to the OVI charge and two amended charges of assault in violation of R.C. 2903.13,[1] both first-degree misdemeanors. The state asked the court to dismiss the driving under suspension charge.

{¶ 5} During the plea hearing, the court asked the prosecutor and defense counsel what agreement they had reached and confirmed with Willis that the terms conformed to

---

[1] The trial court's judgment entry does not specify the subsection of the assault statute under which Willis pleaded guilty.

2.

his understanding of the plea agreement. After the state told the court the factual basis for the guilty pleas, the court asked "And, Mr. Willis, is that what happened?" Willis replied, "Yes, Your Honor." The court and defense counsel then engaged in the following exchange:

> THE COURT: And, again, based upon those facts your plea to Counts 1 and 2 as amended is?
>
> [DEFENSE COUNSEL]: Guilty, Your Honor.
>
> THE COURT: And as to Count 4?
>
> [DEFENSE COUNSEL]: Guilty, Your Honor.
>
> THE COURT: All right. We would accept those pleas and based upon the set of facts find the defendant guilty at this time of Assault in Counts 1 and 2, and OVI in Count 4.

{¶ 6} The court proceeded directly to sentencing. It sentenced Willis to 180 days in jail for each assault charge and 6 months in jail for the OVI charge. The court suspended the jail sentences and placed Willis on a three-year term of community control. The court also imposed a six-month driver's license suspension. Willis appeals from this decision, raising three assignments of error:

> Assignment of Error No. 1: The trial court erred in denying Appellant's Motion to Dismiss on statutory speedy trial grounds[.]
>
> Assignment of Error No. 2: Appellant's trial counsel deprived Appellant of his rights to a fair trial, the effective assistance of counsel, and due process of law as guaranteed by the Fifth, Sixth, and Fourteenth

Amendments to the United States Constitution and comparable provisions of the Ohio Constitution.

Assignment of Error No. 3: An Administrative License Suspension becomes punitive upon sentencing and must be vacated or it subjects Appellant to double jeopardy[.]

## II. Law and Analysis

### A. The Trial Court's Denial of Willis's Motion to Dismiss

{¶ 7} In his first assignment of error, Willis argues that the trial court erred in denying his motion to dismiss on speedy trial grounds. In response, the state argues that Willis waived review of this alleged error by pleading guilty. We agree. "A defendant who enters a guilty plea while represented by competent counsel waives any non-jurisdictional defects in earlier stages of the proceedings." *State v. Minniefield*, 6th Dist. Erie No. E-00-040, 2001 Ohio App. LEXIS 3139, 4 (July 13, 2001). An objection based upon a claimed denial of a statutory right to speedy trial is a "non-jurisdictional defect" that is waived by entering a guilty plea. *State v. Hall*, 6th Dist. Ottawa No. OT-16-026, 2017-Ohio-2577, ¶ 15.

{¶ 8} Accordingly, Willis's first assignment of error is not well-taken.

### B. Ineffective Assistance of Counsel

{¶ 9} In his second assignment of error, Willis claims that he received ineffective assistance of counsel because: (1) his trial counsel failed to file a motion to suppress the results of Willis's blood draw and his statements made to law enforcement, and (2) his trial counsel filed a written plea of not guilty by reason of insanity ("NGRI") and a

4.

motion for competency evaluation without Willis's knowledge or consent, and then failed to withdraw the NGRI plea in a timely manner, all of which tolled speedy trial time and prevented dismissal on speedy trial grounds.  In response, the state argues that Willis's guilty plea waived review of the alleged ineffective assistance of trial counsel.

{¶ 10} In his reply, Willis claims that the state misunderstands his arguments.  He asserts that while it is generally true that a guilty plea waives any non-jurisdictional defects during the earlier stages of the proceeding, the general rule is not applicable because he claims that but for the ineffective assistance of counsel, he would not have entered the guilty plea.

{¶ 11} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential."  *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

{¶ 12} To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different."  *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688. In order to satisfy the "prejudice" element for an ineffective-assistance claim following a guilty plea, "'the defendant must show that there is a reasonable probability that, but for

5.

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 13} "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Hill* at 59. As the United States Supreme Court recently recognized, "defendants obviously weigh their prospects at trial in deciding whether to accept a plea." *Lee v. United States*, ___ U.S. ___, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017). Thus, "when the defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error—for instance, where a defendant alleges that his lawyer should have but did not seek to suppress an improperly obtained confession"—the defendant must show that "he would have been better off going to trial." *Id.* at 1965. In other words, "[w]here an attorney error allegedly affects how a trial would have played out, [courts should] analyze that error's effects on a defendant's decisionmaking [sic] by making a prediction of the likely trial outcome." *Id.* at 1967, fn. 3.[2]

---

[2] In *Lee,* the United States Supreme Court also clarified that it is "neither necessary nor appropriate" for the court to consider whether the defendant would have been successful at trial where "the error is one that is not alleged to be pertinent to a trial outcome, but is instead alleged to have affected a defendant's understanding of the consequences of his guilty plea." 137 S.Ct. at 1967, fn. 3. For example, in *Lee*, the "determinative issue" in the defendant's decision to plead guilty was counsel's incorrect advice that he would not be deported. Both the district court and the federal court of appeals found that the defendant was not prejudiced by counsel's improper advice about the deportation consequences of his guilty plea because he "almost certainly" would have been found guilty at trial given the "overwhelming evidence" of his guilt. *Id.* at 1964. The Supreme

6.

{¶ 14} Here, Willis claims that but for his counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, Willis must first demonstrate that his counsel's performance was, in fact, deficient. If he satisfies that threshold burden, Willis must then demonstrate that there is a "reasonable probability" that he would have succeeded at trial but for counsel's errors. *Lee* at 1967, fn. 3; *Strickland* at 687-88; *Ketterer* at ¶ 89.

{¶ 15} Willis contends that trial counsel was ineffective for two reasons. First, he claims that counsel should have filed a motion to suppress the results of his blood draw and statements that he made to police officers. Willis argues that the police officers' body camera video demonstrates that they lacked probable cause to obtain a warrant to draw his blood, and he claims that the video also shows that the officers obtained his statements in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). There is, however, no such video in the record. The only information in the record regarding the events on December 12, 2015, are the facts recited by the prosecutor—and agreed to by Willis—at the plea hearing. And nothing in the state's recitation of facts indicates that the officers lacked probable cause for the blood draw or questioned Willis in violation of *Miranda*. Accordingly, we find that trial counsel was not deficient for failing to file a motion to suppress. *State v. Gott*, 6th Dist. Lucas No. L-

---

Court reversed, holding that in the "unusual circumstances" of that case, the defendant established that he would have gone to trial but for his counsel's advice because trial was the only option with the possibility, however remote, of avoiding deportation. *Id.* at 1967-1968. Here, Willis alleges errors that would have been pertinent to a trial outcome; he does not allege any errors that would have affected his understanding of the consequences of his guilty plea.

7.

14-1066, 2015-Ohio-917, ¶ 28 (to prove ineffective assistance due to counsel's failure to file a motion to suppress, the record must support both a finding that the motion would have been granted and a finding that the absence of the motion prejudiced the appellant's case).

{¶ 16} Willis also claims that his attorneys were ineffective because they raised an NGRI defense and filed a motion for competency evaluation without his consent, which tolled speedy trial time. Counsel is "strongly presumed" to have rendered adequate assistance and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985), quoting *Strickland*, 466 U.S. at 694-695, 104 S.Ct. 2052, 80 L.Ed.2d 674. "Generally, the decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not a basis of a finding of ineffective assistance of counsel." *State v. Dover*, 2d Dist. Clark No. 2013-CA-58, 2015-Ohio-4785, ¶ 10. Even debatable strategic and tactical decisions cannot form the basis of a claim of ineffective assistance of counsel. *State v. Grissom*, 6th Dist. Erie No. E-08-008, 2009-Ohio-2603, ¶ 22.

{¶ 17} Willis does not offer any evidence or argument to overcome the "strong presumption" that his attorneys' decisions to pursue an NGRI defense and to move for a competency evaluation were matters of sound trial strategy, other than to complain that these decisions tolled his speedy trial time. But that is not enough to support an ineffective-assistance claim. Given that such actions always toll the speedy trial clock, we assume that counsel knows the law and weighs the pros and cons of all plausible

8.

options before making tactical decisions such as pursuing an insanity defense or seeking a competency evaluation. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland* at 690.

{¶ 18} Moreover, it is immaterial that counsel took various actions that tolled speedy trial time without Willis's consent. "[A] defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel." *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994). Accordingly, we find that counsel was not deficient for pursuing an insanity defense or moving for a competency evaluation.

{¶ 19} Willis's second assignment of error is, therefore, not well-taken.

### C. The Administrative License Suspension

{¶ 20} In Willis's third assignment of error, he argues that the trial court erred by failing to terminate the administrative license suspension ("ALS") imposed on him at the time of his OVI arrest, and that his double jeopardy rights were therefore violated when the trial court sentenced him on the OVI charge to a six-month license suspension. The state counters that the record does not support Willis's contention that the ALS extended beyond his OVI sentencing. Rather, the record shows that the trial court properly notified the Ohio Bureau of Motor Vehicles ("BMV") that Willis had been sentenced on the OVI charge, and it was then incumbent upon the BMV to terminate the ALS as of the date of Willis's sentencing. We agree.

{¶ 21} Ohio's implied consent statute, R.C. 4511.191, authorizes immediate "on-the-spot" suspensions of driving privileges at the time of an OVI arrest. *State v.*

9.

*Gustafson*, 76 Ohio St.3d 425, 431, 668 N.E.2d 435 (1996). Acting on behalf of the BMV, an arresting officer must impose an ALS on a motorist who either "(1) refuses, upon the officer's request, to perform a chemical test to determine blood, breath or urine alcohol content, or (2) takes the test, but 'fails' it, i.e., registers a blood, breath or urine alcohol content exceeding statutory limits." *Id.* The duration of the ALS ranges from 90 days (for a first-time offender who "fails" a chemical test) to five years (for an offender who refuses testing and who has refused testing on more than three occasions in the preceding ten years). R.C. 4511.191(B), (C).

{¶ 22} An ALS and an OVI prosecution that arise from the same arrest are considered separate proceedings for double jeopardy purposes. *Gustafson* at paragraph two of the syllabus. Although an ALS is initially a remedial measure, it becomes punitive in nature upon the defendant's conviction and sentencing for an OVI offense. *Id.* at paragraph three of the syllabus. Thus, maintaining an ALS after an OVI conviction violates the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *Id.* at paragraph four of the syllabus. Accordingly, the trial court has the judicial power to order termination of an ALS at the time of a defendant's OVI sentencing. *Id.* at paragraph five of the syllabus. The BMV is required to terminate the ALS upon notification from the trial court of the defendant's conviction. R.C. 4511.191(B)(2).

{¶ 23} Here, Willis refused the blood alcohol test. His blood was eventually drawn pursuant to a warrant, and the test results showed a prohibited amount of alcohol. Accordingly, under R.C. 4511.191(B)(1) Willis received an ALS as of the time of his

10.

OVI arrest on December 12, 2016. On September 27, 2016, the trial court sentenced Willis on the OVI charge, suspended his driver's license for six months, and sent a report of Willis's conviction to the BMV. Under R.C. 4511.191(B)(2), the BMV was required to terminate the ALS upon receipt of that notice from the trial court.

{¶ 24} There is no evidence in the record that the BMV failed to terminate the ALS as required by statute. Rather, Willis seems to argue that the trial court erred by failing to include a statement in its judgment entry that the ALS was terminated. He does not cite to any authority to support this proposition, nor did we find any. Because the record shows that the trial court properly reported Willis's OVI conviction to the BMV, Willis's third assignment of error is not well-taken.

### D. Plea Hearing

{¶ 25} Finally, we note that in Willis's reply brief he argues for the first time that his guilty plea was not knowing and voluntary because the trial court did not comply with Crim.R. 11 before accepting his plea.

{¶ 26} Under App.R. 12(A)(1)(b), an appellate court must determine an appeal based on the assignments of error set forth in the briefs. *State v. Roberson*, 6th Dist. Lucas No. L-16-1131, 2017-Ohio-4339, ¶ 103. An appellate court rules on assignments of error only, and cannot address mere arguments. *Id.* Accordingly, given that Willis did not assign as error the trial court's purported failure to comply with Crim.R. 11, we will not address this issue.

### III. Conclusion

11.

**{¶ 27}** For the foregoing reasons, the September 27, 2016 judgment of the Wood County Court of Common Pleas is affirmed. Willis is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE