[Cite as *State v. Dewberry*, 2019-Ohio-3306.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-18-079

        Appellee                              Trial Court No. 2018CR0231

v.

Vincent Dewberry                           **DECISION AND JUDGMENT**

        Appellant                             Decided:  August 16, 2019

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the October 9, 2018 judgment of the Wood County

Court of Common Pleas, sentencing appellant to a 17-month term of incarceration

following appellant's conviction pursuant to a plea agreement on one amended count of

attempted failure to comply with an order of a police officer, in violation of R.C. 2923.02, a felony of the fourth degree.

{¶ 2} In exchange for the plea, an additional charge of driving under suspension, in violation of R.C. 4510.16, was dismissed. This case arises from a late-night, high-speed chase, commencing on I-75 in Wood County and concluding in the parking lot of a Perrysburg restaurant. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Vincent Dewberry, sets forth the following two assignments of error:

> 1. THE TRIAL COURT DID NOT COMPLY WITH R.C. 2929.11 AND R.C.2929.12 AND SENTENCING APPELLANT TO 17 MONTHS IN [ODRC] INSTEAD OF ORDERING COMMUNITY CONTROL.
>
> 2. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 4} The following undisputed facts are relevant to this appeal. On April 5, 2018, appellant, a Dayton, Ohio, resident had traveled to Perrysburg to attend a local comedy club. Later that night, an Ohio State Highway Patrol trooper on duty on I-75 in Wood County was operating a radar device monitoring for speeders. The speed radar recorded appellant traveling at 103 m.p.h.

{¶ 5} In response to appellant's exorbitant speed, the trooper attempted to initiate a traffic stop. Appellant, who possessed active criminal warrants from three different

2.

Ohio counties at the time, did not cooperate in the stop. Conversely, appellant further accelerated his rate of speed in an effort to flee from the pursuing trooper.

{¶ 6} Appellant led the trooper on an extremely dangerous, high-speed chase, during which appellant's speed reached approximately 140 m.p.h. During the chase, the suspect ignored the trooper's flashing lights, ignored all traffic laws and traffic control devices, recklessly passed vehicles going northbound on I-75 using the interior shoulder of the freeway, and caused many dangerous traffic situations. Appellant ultimately exited the freeway and was later arrested in the parking lot of a Perrysburg restaurant.

{¶ 7} On June 7, 2018, appellant was indicted on one count of failure to comply with an order of a police officer, in violation of R.C. 2921.331, a felony of the third degree, and one count of driving under suspension, in violation of R.C. 4510.16, a misdemeanor offense. On June 19, 2018, appellant was arraigned and counsel was appointed.

{¶ 8} On August 14, 2018, pursuant to a negotiated plea agreement, appellant pled guilty to one amended count of attempted failure to comply an order of a police officer, in violation of R.C. 2921.331, a felony of the fourth degree. In exchange for the plea, the remaining offense was dismissed. The case was scheduled for an October 2, 2018 sentencing hearing. In addition, a presentence investigation report was ordered.

{¶ 9} On October 2, 2018, appellant failed to appear for sentencing. Accordingly, a statewide arrest warrant was issued. On October 9, 2018, the arrest warrant was executed and appellant was present in court for sentencing.

3.

{¶ 10} The sentencing transcript reflects that counsel for appellant gave the trial court a statement in mitigation on appellant's behalf. Counsel furnished the trial court with additional details regarding some of appellant's considerable criminal record in an effort to present some of the past convictions in a less adverse light. Counsel requested that appellant be placed on community control.

{¶ 11} The trial court next heard a statement from the probation department. The probation representative conveyed that given appellant's lengthy prior criminal record, including numerous prior probation violations and violations of court orders, as well as the fact that appellant also committed new criminal offenses while out on bond in the instant case, the probation department determined appellant to be not suitable for community control.

{¶ 12} The sentencing transcript next reflects an extended exchange in which appellant repeatedly interrupted the trial court and engaged in a lengthy dispute with the trial court regarding appellant's past criminal record. This necessitated both the trial court and counsel for appellant admonishing appellant repeatedly regarding appellant's disruptive courtroom conduct.

{¶ 13} The trial court noted that appellant incurred new criminal offenses, including weapons offenses, in Montgomery County, Ohio, shortly after being released on bond in the instant case. The trial court further noted that appellant's new criminal offenses, in addition to appellant's active warrants on separate criminal offenses in

4.

multiple other counties, would preclude the court from utilizing a community-based facility in the instant case.

{¶ 14} The trial court conveyed that appellant had been evaluated in the present case at the Court Diagnostic and Treatment Center. The record reflects that appellant was not cooperative and withheld information during the assessment process.

{¶ 15} Ultimately, the trial court considered all aggravating and mitigating information, the applicable statutory provisions and factors, and concluded in relevant part that,

> We look at the facts of this particular case. The duration of the pursuit was about eight minutes and the distance of the pursuit was about seven miles. The speed reaches * * * 140 miles an hour. The defendant failed to stop for traffic lights or stop signs. There are numerous moving violations throughout this pursuit. The defendant passed several vehicles on the shoulder of the road at a high rate of speed. The Ohio Risk Assessment Tool [ORAS] indicates that he is a high risk to recidivate. Given all of that and the fact that the Court does not have a CBCF available to it because the defendant obtained additional charges, at this time the court would impose a sentence of 17 months in the Ohio Department of Rehabilitation and Corrections.

{¶ 16} This appeal ensued. In the first assignment of error, appellant contends that the non-maximum sentence was unlawful due to the trial court allegedly failing to

5.

comply with R.C. 2929.11 and 2929.12 sentencing principles and purposes. We do not concur.

{¶ 17} It is well-established that felony sentence review in Ohio is not conducted pursuant to the former abuse of discretion standard. R.C. 2953.08(G)(2) directs that an appellate court may reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds either that the record of evidence does not support applicable statutory findings or that the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 18} Notably, appellant acknowledges that the disputed sentence falls within the applicable R.C. 2929.14(A)(4) statutory sentencing range. Further, appellant does not maintain that the trial court sentence was in breach of any of the sentencing statutes delineated in R.C. 2953.08(G)(2), nor does he maintain that postrelease control was misapplied.

{¶ 19} Nevertheless, appellant maintains that the sentence was unlawful. Specifically, appellant suggests that the trial court sentence was excessive given that appellant's offense was not part of an organized criminal scheme, was not motivated by prejudice, and did not involve a family member or children. Appellant presents no legal support for the notion that the presence of these particular mitigating factors operates to constrain the trial court and preclude it from imposition of the subject lawful sentence.

{¶ 20} In addition, appellant asserts that there was no harm or injury to a victim in this matter. We do not concur. The record reflects that appellant caused an extremely

6.

high-speed chase by a state trooper on a heavily-traveled freeway in a heavily-populated suburban location. Appellant dangerously passed lawfully traveling vehicles on the freeway shoulder at speeds reaching 140 m.p.h. while being pursued by law enforcement. To suggest that there were no adverse consequences of appellant's conduct is not persuasive.

{¶ 21} The record reflects that in the course of crafting the subject sentence the trial court noted appellant's significant criminal history, failure to cooperate in ordered services in connection to past criminal offenses, commission of multiple new criminal offenses while out on bond in the instant case, inability to utilize a local correction facility due to multiple active warrants from other jurisdictions, failure to cooperate in the court diagnostic assessment, serious nature of the instant offense, danger posed to the public, compelling interest in protecting the public from appellant, high risk of recidivism, and numerous other facts adverse to appellant underpinning the propriety of the sentence imposed.

{¶ 22} The record of evidence in this case does not reflect clear and convincing evidence that the record does not support the trial court's decision to sentence appellant to 17 months in prison. As such, we may not vacate or modify the sentence. *State v. Marcum*, 146 Ohio St.3d 513, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. We find appellant's first assignment of error not well-taken.

{¶ 23} In the second assignment of error, appellant asserts ineffective assistance of counsel. Specifically, appellant alleges that trial counsel was ineffective, "by not

7.

investigating appellant's lengthy juvenile record," in connection to mental health and substance abuse issues. We do not concur.

{¶ 24} In order to establish ineffective assistance of counsel, a defendant must demonstrate deficiencies of trial counsel, but for which, the outcome of the matter would have been different. *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924, ¶ 24.

{¶ 25} Appellant speculatively asserts that a mental health evaluation, *"[M]ight have* shed some light on appellant's extensive juvenile record." (Emphasis added). Regardless of the fact that appellant's position cannot demonstrate ineffective assistance of counsel as it is rooted in nothing beyond conjecture, we nevertheless note that the record reflects that appellant was assessed by a clinical psychologist with the Court Diagnostic and Treatment Center. Appellant was not diagnosed with any mental health conditions.

{¶ 26} The record reflects that appellant has not demonstrated any deficiencies of counsel, outcome determinative or otherwise. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 27} On consideration whereof, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                          JUDGE

Thomas J. Osowik, J.

                                          _____
Christine E. Mayle, P.J.                              JUDGE
CONCUR.

                                          _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.