[Cite as *State v. Combs*, 2021-Ohio-982.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-20-003

　　　　Appellee                              Trial Court No. 2019CR0221

v.

　Bobby G. Combs, Jr.                      **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:　March 26, 2021

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah R. Anjum, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.　Introduction

**{¶ 1}** Appellant, Bobby G. Combs, Jr., appeals the December 31, 2019 judgment

of the Wood County Court of Common Pleas sentencing him to an aggregate 30-month

prison term following his convictions for vandalism and attempted tampering with evidence.[1] For the reasons that follow, we reverse, in part, the trial court's judgment.

## A. Facts and Procedural Background

{¶ 2} On May 16, 2019, appellant was indicted on one count of burglary in violation of R.C. 2911.12(A)(3) and (D), a third-degree felony (Count 1); one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony (Count 2); and one count of vandalism in violation of R.C. 2909.05(A) and (E), a fifth-degree felony (Count 3). The charges arose from appellant's entering into a newly-constructed, but not yet occupied residence on October 23, 2018. On that evening, the Wood County Sherriff's department responded to a call reporting a possible break-in at the residence in Tontogany, Wood County, Ohio. Through the course of the department's investigation, it was determined that copper pipes had been stolen from the property. Additionally, blood was discovered inside the residence. The blood was forwarded to the Ohio Bureau of Criminal Investigation for testing where it was determined that it belonged to appellant. Appellant had no lawful right to enter the residence and he was arrested. The state acknowledges that at the time of appellant's unlawful entry, the residence was not occupied. The charges arising from the October 23, 2018 incident were assigned Wood County Court of Common Pleas case No. 2019CR0221. Appellant was arraigned on

---

[1] Appellant's assignment of error and related arguments pertain only to his vandalism conviction. Therefore, his conviction for attempted tampering with evidence is not before us and we limit our review accordingly.

2.

May 31, 2019. He was determined to be indigent, was appointed counsel, and entered a not guilty plea to all three counts.

{¶ 3} Following a separate incident, appellant was again indicted on August 8, 2019, on one count of tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a third-degree felony. The new charge arose from appellant's entry into a locked residence in North Baltimore, Wood County, Ohio, on June 11, 2019. On that night, a witness reported potential drug trafficking activity near the residence to the North Baltimore Police Department. When the police arrived they proceeded to interview individuals in the area. One of those individuals informed the police that appellant had entered a nearby residence through a kitchen window. The police gained entry to the residence and found appellant inside. Appellant informed the police that he entered the residence to flush needles down the toilet but that he did not flush any drugs. No drugs were found with appellant or in the residence. Appellant was arrested and charged with tampering with evidence. The charge was assigned Wood County Court of Common Pleas case No. 2019CR0284. Appellant was arraigned on August 16, 2019. He was determined to be indigent, was assigned counsel, and entered a not guilty plea to the single count.

{¶ 4} During his August 16, 2019 arraignment, the state made an oral motion to consolidate appellant's two pending criminal cases. The trial court granted the state's motion and consolidated case No. 2019CR0284 with case No. 2019CR0221.

3.

{¶ 5} Following negotiations with the state, appellant appeared for a change of plea hearing on October 11, 2019. Pursuant to a plea agreement, appellant agreed to enter a guilty plea to Count 3—vandalism—in case No. 2019CR221. He also agreed to enter a guilty plea to an amended count of attempted tampering with evidence in violation of R.C. 2923.02 and 2921.12(A)(1) and (B). In light of the prior consolidation order, the trial court ordered the indictment in case No. 2019CR0221 to reflect the attempted tampering with evidence charge as Count 4 of the indictment. The state indicated that during the course of plea negotiations, it recognized that Counts 1 and 2—burglary and theft—were not supported by the facts. The state indicated it was dismissing these counts as they were "not properly grounded in law the way [they were] charged in the original counts as the basis of the property was not a residence found by operation of law, just for the record as to why those were dismissed."[2] The state agreed to amend the tampering with evidence charge to attempted tampering with evidence in exchange for appellant's

[2] The state indicated that the basis for dismissing both the burglary and theft charges was its inability to establish the status of the residence appellant unlawfully entered. To support a burglary charge under R.C. 2911.12(A)(3), the state must show that appellant entered an "occupied structure" as defined by R.C. 2909.01. Review of R.C. 2913.02(A)(1) shows that the state is not required to establish the status of the residence to support a theft conviction. Despite the state's apparent misstatement, it is clear the state dismissed the theft claim because it could not support the required elements and not as a result of the plea agreement. While our analysis here is generally limited to appellant's argument regarding whether the state would have been able to prove he committed vandalism, which does require the state to prove he entered an "occupied structure," the state's dismissal of the theft count for reasons other than in exchange for appellant's guilty plea remains relevant to our resolution of this appeal as described below.

4.

guilty plea to Counts 3 and 4. The trial court accepted appellant's guilty plea and ordered him to participate in the preparation of a presentence investigation report prior to his December 20, 2019 sentencing.

{¶ 6} At the sentencing hearing, the trial court sentenced appellant to a 12-month prison term on his vandalism conviction and an 18-month prison term for his attempted tampering with evidence conviction. The trial court ordered the prison terms to be served consecutively for an aggregate 30-month prison term. The trial court memorialized appellant's sentence in a December 31, 2019 judgment entry.

## B. Assignment of Error

{¶ 7} Appellant timely appealed and asserts the following error, including two subparts, for our review:

1. The trial court erred in accepting a plea that was not entered knowingly, voluntarily, and intelligently.

a. The court erred in accepting the plea because the state admitted the elements of the offense were not met.

b. Counsel was ineffective for not advising appellant of the effects of the state's admission.

## II. Analysis

{¶ 8} In his sole assignment of error, appellant argues that the trial court erred in accepting his guilty plea. "A defendant's plea must be entered knowingly, intelligently, and voluntarily in order for the plea to be constitutional under the United States and Ohio

Constitutions." *State v. Montgomery*, 6th Dist. Lucas No. L-19-1202, 2020-Ohio-5552, ¶ 10, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  Appellant argues that his plea was not knowingly, voluntarily, and intelligently made because the state could not prove a set of facts supporting the vandalism charge and that his trial counsel was ineffective by failing to advise him the state would be unable to prove the vandalism charge had the case proceeded to trial.  We address these arguments in turn.

### A.  Appellant cannot challenge the state's ability to prove the Elements of his conviction following his guilty plea

**{¶ 9}** Appellant first argues that the state's acknowledgement that the burglary charge in case No. 2019CR0221 was not "properly grounded in law" extended to his vandalism charge and that since the state could not prove the elements of vandalism that his plea was not properly entered.  We disagree.

**{¶ 10}** Appellant was charged with burglary under R.C. 2911.12(A)(3) which states that "[n]o person, by force, stealth, or deception, shall do any of the following:

* * *

(3) Trespass in an *occupied structure* or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense."  (Emphasis added.)

R.C. 2911.12(C) states that "'occupied structure' has the same meaning as in section 2909.01 of the Revised Code."  R.C. 2909.01 defines "occupied structure" as:

any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.

(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.

(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.

(4) At the time, any person is present or likely to be present in it.

{¶ 11} At his change of plea hearing, the state explained to the trial court that the burglary and theft charges were "not properly grounded in law the way that [they were] charged in the original counts as the basis of the property was not a residence found by operation of law, just for the record as to why those two were dismissed." The state acknowledged that it was unable to show that the status of the newly-constructed residence satisfied the elements of a burglary charge under R.C. 2911.12(A)(3) and (D). The burglary statute requires that the structure entered into be an "occupied structure" as defined by R.C. 2909.01. Put simply, the state's acknowledgement that the status of the residence could not satisfy this definition eliminated the possibility it could prove the

7.

burglary charge at trial. Notably, the state explicitly stated that the burglary charge was being dismissed based on the status of the residence, not in exchange for appellant's guilty plea.

{¶ 12} Appellant argues that the state's inability to prove this necessary element of the burglary charge was also applicable to his vandalism conviction under R.C. 2909.05(A) which states "[n]o person shall knowingly cause serious physical harm to an occupied structure or any of its contents." R.C. 2909.01 extends the same definition of "occupied structure" identified in the burglary statute to vandalism charges arising under R.C. 2909.05. Appellant argues that because the state admitted that it would not have been able to prove all the elements of his burglary charge had the case proceeded to trial, that it also would not have been able to prove the elements of his vandalism charge that incorporates the same "occupied structure" element. For this reason, appellant argues, the state's inability to prove the necessary elements of his vandalism charge rendered his guilty plea improper as it was not made knowingly, intelligently, or voluntarily. Appellant's argument is without merit.

{¶ 13} "A plea of guilty is generally regarded as an admission of every material fact well-pleaded in the indictment and dispenses with the necessity of proving those facts." *State v. Drzayich*, 6th Dist. Lucas No. L-15-1113, 2016-Ohio-1398, ¶ 12, citing *State v. Moreno*, 6th Dist. Wood No. WD-86-52, 1987 WL 8919, *2 (Mar. 31, 1987), citing *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892). Moreover, an appellant's guilty plea waives the right to challenge the state's ability to prove the

8.

elements of the charge against them. *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st. Dist.). "[W]hen the defense or right asserted by a defendant relates solely to the capacity of the state to prove a defendant's factual guilt, it is subsumed by the defendant's guilty plea." *Id.* at ¶ 25. Therefore, having entered a guilty plea to the vandalism charge, appellant waived his right to challenge the state's ability to prove the "occupied structure" element. He cannot now rely on that inability to show that the trial court improperly accepted his guilty plea.

### B. Appellant's trial counsel offered ineffective assistance

{¶ 14} Appellant also argues that his plea was not entered knowingly, voluntarily, and intelligently because his trial counsel offered ineffective assistance of counsel by permitting him to plead guilty to the vandalism charge rather than recognizing he may have had a complete defense based on the state's inability to show he had entered an "occupied structure." Initially, we note that the state argues appellant also waived this argument as a result of his guilty plea. This is incorrect. While defenses related to the state's ability to prove the elements of the charge are waived through appellant's guilty plea, his claim for ineffective assistance of counsel is not waived by virtue of that plea. *State v. Riddle*, 88 N.E.3d 475, 2017-Ohio-1199, ¶ 26 (2d Dist.). "[A] guilty plea waives all appealable errors, including claims of ineffective assistance of counsel, *except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea.*" *Id.* (Emphasis added.) Therefore,

9.

appellant's guilty plea did not waive his ineffective assistance of counsel argument as it relates to whether he knowingly, intelligently, and voluntarily entered that plea.

{¶ 15} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688. "[T]o satisfy the prejudice element for an ineffective-assistance claim following a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal citations omitted.) *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924, ¶ 12, citing *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "Judicial scrutiny of counsel's performance must be highly deferential." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689.

{¶ 16} Appellant argues that had his trial counsel recognized and advised him that the state's inability to prove the "occupied structure" element of his burglary charge

10.

would have likewise prevented the state from successfully proving the same element in his vandalism charge that he would not have entered a guilty plea. As a result, he argues, his trial counsel was ineffective and his guilty plea that was not entered knowingly, willingly, or voluntarily. We agree.

{¶ 17} A trial counsel's inability to recognize a potential complete defense to a charge and allowing a defendant to enter a guilty plea to that charge has been held to render that counsel's assistance ineffective. In *State v. Riddle*, 88 N.E.3d 475, 2017-Ohio-1199, the defendant entered a guilty plea to an aggravated burglary charge. The aggravating factor involved the use of a deadly weapon in the commission of the burglary. Riddle used a fake gun in the commission of the crime which, on its own, does not satisfy the deadly weapon element. *Id.* at ¶ 31. Since the state's recitation of facts stated appellant did not brandish the weapon in a manner in which he could strike the victims, thereby rendering it a deadly weapon, the state would have been unable to prove the aggravated burglary charge. Nevertheless, Riddle entered a guilty plea to the aggravated burglary charge. On appeal, he argued that he was provided ineffective assistance of counsel when he was advised to plead guilty to a charge the state's presentation of facts would not have supported had he gone to trial.

{¶ 18} Riddle's counsel was deemed to have offered ineffective assistance by failing to recognize the complete defense to the aggravated burglary charge but still advising Riddle to enter a guilty plea. *Id.* at ¶ 40. The court held that Riddle's counsel's failure to recognize this defense and advise him accordingly satisfied the deficient

11.

performance element of his ineffective assistance claim. Further, the court held that there was a reasonable likelihood that had Riddle been advised of this possible defense, he would not have entered a guilty plea, satisfying the prejudice element of his ineffective assistance claim. Because Riddle's counsel offered him ineffective assistance related to his guilty plea, his plea was not entered knowingly, intelligently, and voluntarily. *Id.* at ¶ 40-42.

{¶ 19} Here, appellant's counsel's failure to recognize and advise him of the potential complete defense to the vandalism charge reveals the same ineffective assistance as was offered in *Riddle*. The state acknowledged that the status of the property appellant unlawfully entered—that is, not a residence and therefore not an "occupied structure" as defined by R.C. 2909.01—could not support a burglary charge "by operation of law." Since the status of the property for the vandalism charge relied on the same definition for "occupied structure," it is logical to conclude that the state would not be able to support that charge either. This could have resulted in a complete defense to the vandalism charge. Trial counsel's failure to recognize this potential defense falls below an objective standard of reasonable representation.

{¶ 20} Further, it was reasonably likely that had appellant been advised of this potential defense, he would not have entered his guilty plea. The fact that the state acknowledged the dismissal of the burglary and theft charges were "by operation of law" rather than as a reduction in charges in exchange for a guilty plea makes this conclusion even more likely. *See Riddle* at ¶ 41 (stating that the prejudice element of an ineffective

12.

assistance claim may not be satisfied when counsel advised an offender to plead guilty to an unsupported charge in exchange for an agreement from the state not to file additional charges, more serious charges, or to recommend a favorable sentence). Therefore, appellant suffered prejudice as a result of his counsel's ineffective assistance.

{¶ 21} In sum, appellant has supported both elements of his ineffective assistance of counsel argument. As a result, we find that his guilty plea was not entered knowingly, voluntarily, or intelligently and his assignment of error is found well-taken.

### III. Conclusion

{¶ 22} We find appellant's assignment of error well-taken and reverse the December 31, 2019 judgment of the Wood County Court of Common Pleas as to appellant's conviction for vandalism only. Appellant's vandalism conviction is, therefore, vacated and we remand this matter for further proceedings. Appellant's conviction for attempted tampering with evidence is not affected by our resolution of this appeal. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed, in part,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                         JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.            _____
CONCUR.                                                 JUDGE

                                                  _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.