[Cite as *State v. Cannon*, 2021-Ohio-4620.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1083

      Appellee                                      Trial Court No.  CR0202001555

v.

Patrick Cannon                                   **DECISION AND JUDGMENT**

      Appellant                                     Decided:  December 29, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment by the Lucas County Court of Common

Pleas, which sentenced appellant, Patrick J. Cannon, to a total prison term of 31 years for

two counts of rape of a minor and two counts of gross sexual imposition of a minor after

the trial court accepted appellant's guilty pleas and convicted him of those offenses. For the reasons set forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} On March 9, 2021, appellant entered guilty pleas to two counts of forcible rape, violations of R.C. 2907.02(A)(2) and first-degree felonies pursuant to R.C. 2907.02(B), and to two counts of gross sexual imposition of a minor, violations of R.C. 2907.05(A)(4) and third-degree felonies pursuant to R.C. 2907.05(C)(2). The trial court accepted the pleas and found appellant guilty of those offenses: that between April 1 and August 20, 2019, appellant had four instances of oral sex, anal sex and genitalia fondling with his six-year-old son. On April 1, 2021, the trial court sentenced appellant to serve 11 mandatory years in prison for each first-degree felony and to serve 54 non-mandatory months for each third-degree felony. The sentences are to be served consecutively to each other.

{¶ 3} Appellant timely appealed the trial court judgment and set forth two assignments of error:

I. The trial court abused its discretion when it sentenced appellant to four consecutive prison terms when appellant has no prior criminal history, two of the offenses were felonies for the third degree for which incarceration is not mandatory, and the sentence arguably does not promote the effective rehabilitation of the offender pursuant to R.C. 2929.11.

2.

II. It was plain error for the trial court to impose sentence under the Reagan Tokes Law because its provisions are unconstitutional nullities.

## II. Consecutive Sentences

{¶ 4} In support of his first assignment of error, appellant argues his four consecutive prison terms violate R.C. 2929.11 and 2929.12. In particular, appellant argues his non-mandatory prison terms for his third-degree felonies should be served concurrently, not consecutively, to his mandatory first-degree felony prison terms. Appellant argues the trial court failed to properly apply the factors and purposes of felony sentencing stated in R.C. 2929.11 and 2929.12 because of his lack of a criminal history and his demonstrated remorse. Appellant urges this court to find that the consecutive sentences imposed for the third-degree felonies "are gratuitous" and do not offer him opportunity for rehabilitation. Appellant argues the trial court erroneously calculated his maximum prison term as 36.5 years, rather than 42 years. Further, appellant argues the additional, non-mandatory 54 months for each third-degree felony will not protect the public after he has already served 22 mandatory years for both of the first-degree felonies.

{¶ 5} In response, appellee argues the trial court did not err because the record supports its findings pursuant to R.C. 2929.14(C)(4). In addition, appellee argues that pursuant to R.C. 2929.13(F)(3)(b), a mandatory prison term is required for gross sexual imposition where the victim is under 13-years old, the offense occurred on or after

3.

August 3, 2005, and where there is admissible evidence other than the victim's testimony (in this case appellant admitted to committing the offenses). Finally, appellee argues that consecutive sentencing of the first-degree felonies is mandated by R.C. 2929.144(B)(2), and the trial court correctly calculated 31 years minimum for the four offenses, plus one-half of 11 years (the longest minimum term of the most serious felony) or 36.5 years for the maximum.

{¶ 6} To the extent that appellant challenges the overall length of his 31-year consecutive sentences under R.C. 2929.11 and 2929.12, those statutes do not apply to consecutive-sentencing review. *State v. Mockensturm*, 6th Dist. Wood No. WD-20-007, 2021-Ohio-881, ¶ 15, citing *State v. Gwynn*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17. Our review of consecutive sentences is limited to R.C. 2929.14(C)(4), as stated in R.C. 2953.08(G)(2)(a). *Id.* R.C. 2953.08(G)(2)(a) states, in part, "The appellate court may take any action authorized by this division if it clearly and convincingly finds * * *: (a) That the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)] * * *."

{¶ 7} When sentencing prison terms, the trial court is required "to adhere to R.C. 2929.14(C)(4) and 2929.41(A) in imposing consecutive sentences and to make the required findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 35. R.C. 2929.41(A) states a presumption for concurrent sentencing, except as provided for in R.C. 2929.14(C). The trial court is required to make the findings

4.

mandated by R.C. 2929.14(C)(4) both at the sentencing hearing and incorporate them into its sentencing entry, "but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

{¶ 8} R.C. 2929.14(C)(4)(c) requires a three-step analysis by the trial court: (1) finding that the sentence is necessary to protect the public from future crime or to punish the offender; (2) finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) finding the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11.

{¶ 9} The April 1, 2021 sentencing hearing transcript is in the record, along with the trial court's April 6 journalized sentencing entry. The record shows the trial court's sentence was supported by the trial court's review of the presentence investigation report, the record, oral statements, and any victim impact statements, along with the principles and purposes of sentencing under R.C. 2929.11 and balancing the seriousness, recidivism and other relevant factors under R.C. 2929.12. The trial court found that consecutive sentences are necessary to protect the public from future crime or to punish the defendant, and are not disproportionate to the seriousness of the defendant's conduct or

5.

the danger the defendant poses. Specifically, the trial court found appellant's conduct was "more serious than conduct normally constituting these offenses" after considering the physical and mental injuries the 6-year-old victim suffered, and will continue to suffer, because of his father, the appellant. The trial court articulated that "[t]he kind of depravity you perpetrated against your own biological child is the worst of its kind, which makes you the worst of your kind." By finding that appellant victimized his own child, and destroyed the lives of his entire family, to satiate his own putrid desires, "you pose a bigger threat to the safety of our community than any murderer this court has ever sentenced." As a result, the trial court determined the offenses committed by the defendant were part of one or more courses of conduct and caused harm so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the defendant's conduct.

{¶ 10} To the extent appellant urges this court to modify or vacate his sentence based on our independent review that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, we lack the authority to grant the relief appellant seeks. *Mockensturm*, 6th Dist. Wood No. WD-20-007, 2021-Ohio-881, at ¶ 16, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 11} We reviewed the record and find clear and convincing evidence supporting the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(c). Both the

6.

sentencing hearing transcript and the subsequent judgment entries reflect the trial court engaged in the required analysis.

### III.  Reagan Tokes Law

{¶ 12} In support of his second assignment of error, appellant acknowledges that the issue of the constitutionality of indefinite sentences under the Reagan Tokes statute is currently unresolved in our district and the certified question is currently pending before the Ohio Supreme Court, citing *State v. Maddox*, 6th Dist. Lucas No. CL-19-1253, 2020-Ohio-4702, ¶ 14, *motion to certify allowed,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.  Appellant concedes that the he must serve a minimum of 22 years for his two, first-degree felony convictions, and only after that period of time will the "indefinite part" potentially occur.  Appellant seeks to preserve "the right to object to the imposition of indefinite sentences in the future."

{¶ 13} In response, appellee argues appellant's argument fails for two reasons: first, for failing to comply with App.R. 16(A)(7), and second, for lack of ripeness for review on appeal.

{¶ 14} We recently determined an essentially identical assignment of error in *State v. White*, 6th Dist. Lucas No. L-21-1081, 2021-Ohio-_____, where we held:

> "Under App.R. 12(A)(1)(b), an appellate court must determine an
>
> appeal *based on the assignments of error set forth in the brief.*"  *State v.*
>
> *Willis,* 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924, ¶ 26, citing *State*

7.

*v. Roberson,* 6th Dist. Lucas No. L-16-1131, 2017-Ohio-4339, ¶ 103 (emphasis added). "An appellate court rules on assignments of error only[.]" *Id.* App.R. 16(A)(3) requires appellants to include in their briefs "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Additionally, App.R. 16(A)(7) requires appellant to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Appellant's request that this court recognize his reservation of a future right to appeal his sentence does not satisfy any of the requirements of App.R. 16(A)(3) and (7). Put simply, it is not an assignment of error.

*Id.* at ¶ 12.

{¶ 15} We find that appellant failed to support his purported second assignment of error. Pursuant to App.R.12(A)(2), we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required by App.R.16(A)." *Id.* at ¶ 13.

{¶ 16} Appellant's second assignment of error is not well-taken.

## IV. Conclusion

{¶ 17} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                         _____
                                                             JUDGE

Christine E. Mayle, J.

                                          _____
Myron C. Duhart, J.                                          JUDGE
CONCUR.

                                          _____
                                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.