[Cite as *State v. Marshall*, 2025-Ohio-576.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-24-1077

     Appellee                                     Trial Court No.  CR0202101068

v.

 Kenneth Marshall                             **DECISION AND JUDGMENT**

     Appellant                                    Decided:  February 21, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Kenneth Marshall, appeals the March 22, 2024 judgment of the

Lucas County Court of Common Pleas, resentencing him after this court remanded the

matter to the trial court to correct an allied-offenses sentencing error.  For the following

reasons, the trial court judgment is affirmed

## I.  Background

{¶ 2} The facts giving rise to this appeal are summarized in detail in *State v.*

*Marshall,* 2023-Ohio-3542 (6th Dist.).  Briefly stated, on January 14, 2021, Kenneth

Marshall was indicted after DNA evidence implicated him in the April 15, 2000 murder and rape of C.L.; the August 21, 2000 rape of A.A.; and the October 3, 2000 rape of S.S.-M.

{¶ 3} As to C.L., a jury convicted Marshall of aggravated murder, a violation of R.C. 2903.01(B) and (F), an unclassified felony, with an attached sexual motivation specification under R.C. 2941.147 (Count 1); murder, a violation of R.C. 2903.02(B) and (D), an unclassified felony, with an attached sexual motivation specification (Count 2); rape, a violation of R.C. 2907.02(A)(2) and (B), a first-degree felony (Count 3); and felonious assault, a violation of R.C. 2903.11(A)(1) and (D), a second-degree felony, with an attached sexual motivation specification (Count 4). As to A.A., the jury convicted Marshall of one count of rape (Count 5). And as to S.S.-M., the jury convicted Marshall of three counts of rape (Counts 7, 8, and 9). Thereafter, the trial court held a hearing on repeat violent offender specifications attached to each count, under R.C. 2941.149. It found that the State met its burden on each RVO specification.

{¶ 4} The trial court sentenced Marshall on Count 1 to life in prison with parole eligibility after 20 years, with an additional ten years for the RVO specification. It merged Counts 1 and 2. On Count 3, the court sentenced Marshall to a ten-year mandatory prison term, with an additional ten years for the RVO specification. On Count 4, it sentenced Marshall to eight years in prison, with an additional ten years for the RVO specification. And on Counts 5, 7, 8, and 9, the trial court sentenced Marshall to a mandatory ten-year prison term as to each count, with an additional ten years for the

2.

RVO specification as to each count. Marshall's sentences on Counts 1, 3, 5, 7, 8, and 9 were ordered to be served consecutively to each other but concurrently with Count 4 for a minimum sentence of 130 years.

{¶ 5} Marshall appealed. Among other things, he argued that the trial court erred "by failing to merge all appropriate sentences on the basis of allied offenses of similar import." He also argued that his aggregate sentence was disproportionate to the harm caused. *Id.* at ¶ 34. This court agreed with Marshall that Counts 1 and 4 should have merged, and denied as moot his assignment challenging the proportionality of his sentence. The matter was remanded to the trial court for a new sentencing hearing, at which the trial court merged Counts 1, 2, and 4. The State elected to have Marshall sentenced on Count 1. The court did not revisit the sentences unaffected by this court's remand order, but it did restate in its judgment entry the prison terms it previously imposed for Counts 1, 3, 5, 7, 8, and 9. Because the sentence for Count 4 had been ordered to be served concurrently to his sentences on all other counts, the merger resulted in no reduction in Marshall's aggregate prison term.

{¶ 6} Marshall again appealed, this time assigning the following error:

> The trial court committed plain error when it assessed repeat violent offender specifications to felonies of the first degree which were not sentenced as the maximum allowable period of incarceration in violation of the pertinent RVO sentencing statute.

## II. Law and Analysis

{¶ 7} Marshall argues that the trial court erred in imposing ten-year prison terms for the RVO specifications attached to Counts 3, 5, 7, 8, and 9. He maintains that the

3.

trial court was permitted to impose additional prison terms for the RVO specifications only if it elected to impose the maximum sentence available for the underlying offenses. Here, he claims, under R.C. 2929.14(A)(1)(a), the maximum sentence available for Counts 3, 5, 7, 8, and 9 was 11 years, and the trial court imposed only ten-year terms—less than the maximum sentence available. As such, Marshall insists, the trial court erred in imposing the additional ten-year terms on the RVO specifications. He contends that these specifications increased the length of his prison term to 130 years "when the arguably proper sentence here is 80 years."

{¶ 8} The State responds that this court should reject Marshall's assignment of error because the remand order mandated that the trial court resentence Marshall to merge Counts 1 and 4; it did not authorize the trial court to remove previously-imposed RVO specifications. The State further asserts that even if this court chooses to examine the merits of Marshall's assignment of error, his challenge still fails because the court was required to sentence Marshall under the version of R.C. 2929.14 that existed at the time he committed the offenses in 2000. It maintains that under the version of R.C. 2929.14 that existed at the time the offenses were committed, the maximum sentence available for Counts 3, 5, 7, 8, and 9 was ten years.

{¶ 9} This court reviews a challenge to a felony sentence under R.C. 2953.08(G)(2). That statute provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the

4.

sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 10} In *Marshall,* 2023-Ohio-3542 (6th Dist.), this court held that the trial court erred in failing to merge Counts 1 and 4 as allied offenses of similar import, reversed the trial court's judgment, in part, and remanded the case "for a new sentencing hearing to merge the felonious assault and aggravated murder convictions and permit the state to elect which allied offense Marshall is to be sentenced on." *Marshall* at ¶ 66. This is consistent with the procedure set forth in *State v. Whitfield*, 2010-Ohio-2, where the Ohio Supreme Court held that "[u]pon finding reversible error in the imposition of multiple punishments for allied offenses, a court of appeals must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant." *Whitfield* at paragraph two of the syllabus.

{¶ 11} But as the Court further explained in *State v. Wilson*, 2011-Ohio-2669, ¶ 15, on a remand based on an allied-offenses sentencing error, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo." Sentences for offenses that were not affected by the appealed error are not subject to review. *Id.*

5.

**{¶ 12}** Related to this, "[t]he scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *Id.* at ¶ 30. "When a defendant fails to appeal the sentence for a certain offense, he cannot take advantage of an error in the sentence for an entirely separate offense to gain a second opportunity to appeal upon resentencing." *State v. Saxon,* 2006-Ohio-1245, ¶ 19. To hold otherwise "would abrogate the doctrine of res judicata for multicount sentences[.]" *Id.* Accordingly, "a defendant who fails on direct appeal to challenge the sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing on other offenses." *Id.*

**{¶ 13}** Here, Marshall did not assign error in his first appeal with respect to the imposition of the sentences imposed on the RVO specifications attached to the rape counts, and this matter was remanded to the trial court for the sole purpose of correcting the trial court's error in failing to merge Counts 1 and 4. The trial court did not—and could not—impose new sentences on the counts that were unaffected by the remand order. To that end, Marshall is unable to assign new error in the sentences imposed for the unaffected Counts. As such, he is barred by res judicata from appealing those sentences now, following the remand for resentencing on the allied offenses. His sole assignment of error is not well-taken.

**{¶ 14}** Although not assigned as error, Marshall argues that because this court denied as moot his fourth assignment of error in his first appeal—challenging his sentence as disproportionate to the harm caused—this argument is "effectively

6.

resubmitted" and the court should now address it. Marshall cites no authority for this position.

{¶ 15} Under App.R. 16(A)(3), the appellant shall include in his brief "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." "A court of appeals shall . . . [d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16. . ." App.R. 12(A)(1)(b). "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).

{¶ 16} In this appeal, Marshall failed to assign error with respect to his claim that his sentence was disproportionate to the harm caused; therefore, this court will not address this issue. *See State v. Willis*, 2017-Ohio-8924, ¶ 26 (6th Dist.). His second appeal did not resurrect the assignment of error that this court denied as moot in his first appeal.

### III. Conclusion

{¶ 17} This court's remand order in *Marshall,* 2023-Ohio-3542 (6th Dist.), only authorized the trial court to merge allied offenses. The sentences imposed on the RVO specifications were unaffected by the remand order. Accordingly, Marshall's challenge to the sentences imposed on the RVO specifications is barred by the doctrine of res judicata because it was not raised in his original appeal. This court will not consider

7.

Marshall's challenge to the proportionality of his sentence because it was not assigned as error in this appeal.

{¶ 18} Marshall's assignment of error is not well-taken. The March 22, 2024 judgment of the Lucas County Court of Common Pleas is affirmed. Marshall is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.      _____
                                                   JUDGE

Myron C. Duhart, J.     

                                         _____
Charles E. Sulek, P.J.                                    JUDGE
CONCUR.

                                         _____
                                               JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.