[Cite as *State v. Sines-Riley*, 2025-Ohio-3200.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. 24CA4097 |
| | | 24CA4098 |
| v. | : | |
| NOAH S. SINES-RILEY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | **RELEASED 9/3/2025** |

_____
APPEARANCES:

Karyn Justice, The Law Offices of Karyn Justice, LLC, Portsmouth, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____
HESS, J.

{¶1}   Noah S. Sines-Riley appeals his conviction following a remand for resentencing. He contends that the trial court erred by improperly sentencing him to serve consecutive sentences. He concedes that the trial court made the necessary findings prior to imposing consecutive sentences, however he contends that the record does not support the imposition of consecutive sentences in these cases. He argues that his age, lack of a prior criminal record, drug addiction issues, and the recent death of his father are mitigating factors that weigh against consecutive sentences. He also contends that the trial court erred when it ordered that he pay restitution to two of the victims because, in the first appeal, we found that he was found not guilty of the charges related to those two victims.

{¶2}   After reviewing the entire record, we do not clearly and convincingly find that the record fails to support the trial court's imposition of consecutive sentences. We overrule

his first assignment of error. On his restitution claims, we find that they are barred by the doctrine of res judicata and the doctrine of invited error. Sines-Riley failed to raise an error with the restitution order in his first appeal. Moreover, he stipulated to the amounts owed to the various persons at the sentencing hearing and cannot be heard to complain.

{¶3}    We overrule his assignments of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶4}    In June and July 2021, a Scioto County Grand Jury issued 4 indictments against Sines-Riley involving 47 counts, including theft, breaking and entering, possessing criminal tools, vandalism, drug possession, and trafficking in drugs. Sines-Riley pleaded not guilty to all charges. One of the indictments was dismissed and the remaining three indictments were consolidated for trial. The State dismissed some counts, the trial court granted Sines-Riley's Crim.R. 29 motion for directed verdict thereby dismissing some counts, and the jury reached a not guilty verdict on some counts. The jury found Sines-Riley guilty of the remaining 27 counts.

{¶5}    Sines-Riley appealed, and we vacated in part and affirmed in part the trial court's judgment. We remanded the cause for resentencing. *See State v. Sines-Riley*, 2024-Ohio-2860 (4th Dist.) for a complete recitation of the facts, procedural history, and legal analysis.

{¶6}    At the resentencing hearing, as to Case No. 21CA342 (Arrick's Propane offenses), the trial court found that Sines-Riley had been convicted of three counts: theft, vandalism, and breaking and entering. It merged the counts and sentenced him to a 12-

month prison term for vandalism to run consecutively with his sentences in the other cases.[1] At the resentencing hearing and in the entry, the trial court recited and considered the factors in R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

{¶7}    As to Case No. 21CR401 (Scioto County Fairgrounds offenses), the trial court found that Sines-Riley had been convicted of eight counts of breaking and entering (Counts 1, 5, 6, 7, 9, 10, 11, 12), one count of possessing criminal tools (Count 13), two counts of theft (Counts 14 and 15), one count of petty theft (Count 20) and nine counts of criminal damaging (Counts 26, 29, 30, 31, 32, 33, 35, 36, 37). It merged the eight breaking and entering counts and the two theft counts with the petty theft and the nine criminal damaging counts. It sentenced him to a 6-month prison term each for 7 of the 8 breaking and entering counts, a 12-month prison term for one of the breaking and entering counts, and a 6-month prison term for the possessing criminal tools count, all to run consecutively with each other and the sentences in the other two cases. It sentenced him to 30 days in jail each for the two theft counts, to run concurrently to the breaking and entering sentences and possessing criminal tools sentence. In total, including his drug offense sentences in Case No. 21CA316, Sines-Riley was sentenced to a minimum prison term of 14 years, with 6 years being mandatory, to an indefinite maximum prison term of up to 17 years. Sines-Riley was also ordered to pay restitution in the sum of $1,599.39 to Abby Floyd and $150.00 to Tim Wheeler.

{¶8}    He appealed and raised purported errors with his consecutive sentences and the restitution order.

---

[1] There were three underlying criminal cases: No. 21CA316 (drug offenses); No. 21CA342 (Arrick's Propane offenses) and 21CA401 (Scioto County Fairgrounds offenses). The case involving the drug offenses was not the subject of the prior or current appeal.

## II. ASSIGNMENTS OF ERROR

**{¶9}** Sines-Riley assigns two errors for review:

I. The trial court erred by improperly sentencing Appellant to serve consecutive sentences.

II. The trial court erred by improperly ordering Appellant to pay a restitution order.

## III. LEGAL ANALYSIS

### A. Consecutive Sentences

**{¶10}** Sines-Riley contends that the trial court erred in imposing consecutive sentences because the record does not support the court's consecutive-sentence findings.

### 1. Standard of Review

**{¶11}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶12}** "Though 'a trial court is required to make the findings mandated by R.C.

2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, * * * it has no obligation to state reasons to support its findings.' " *State v. Jones*, 2024-Ohio-1083, ¶ 11, quoting *State v. Bonnell,* 2014-Ohio-3177, ¶ 37. " 'Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' " *Id.*, quoting *Bonnell* at ¶ 37.

{¶13} Appellate courts apply R.C. 2953.08(G)(2) when reviewing felony sentences:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶14} "R.C. 2953.08(F) requires an appellate court to review the entire trial-court record, including any oral or written statements made to or by the trial court at the sentencing hearing, and any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed." *Jones* at ¶ 12. An appellate court may increase, reduce, otherwise modify, or vacate a sentence "only 'if it clearly and convincingly finds' that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law." *Id.* at ¶ 13, citing R.C. 2953.08(G)(2), and *State v. Marcum*, 2016-Ohio-1002, ¶ 22. The applicable standard is provided by statute: an appellate court has the authority to increase, reduce, otherwise modify, or vacate a sentence only after

it has reviewed the entire trial-court record and "clearly and convincingly finds . . . the record does not support the sentencing court's findings  . . . or the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

### 2. Legal Analysis

**{¶15}** Sines-Riley concedes that the trial court made the requisite findings to impose consecutive sentences at the sentencing hearing and in the sentencing entry. However, he argues that the record does not support the trial court's imposition of consecutive sentences because the sentence "is not proportionate to the seriousness of his conduct." He argues that the crimes he was convicted of were non-violent crimes and that the sentence of 14 to 17 years is disproportionate to the seriousness of his conduct. He contends that the sentences for the offenses he committed at Arrick's Propane and the Scioto County Fairgrounds should run concurrently to, not consecutive to, his six-to-nine-year indefinite drug sentence he is serving in Case No. 21CR316.

**{¶16}** After reviewing the entire record, we do not clearly and convincingly find that the record does not support the trial court's proportionality finding. In *State v. Sines-Riley, supra*, we reviewed the facts and found that Sines-Riley and his co-defendant hatched a scheme to break into the Scioto County Fairgrounds and steal catalytic converters from a large number of recreational vehicles and campers so that they could sell them to purchase more drugs. During their thefts of the catalytic converters, they also damaged the RVs and campers while breaking into them so that they could also steal items from the interiors. They also broke into and stole catalytic converters off trucks owned by Arrick's Propane after they concluded their criminal activity at the fairgrounds. When stopped by law enforcement, Sines-Riley and his accomplice were speeding in the wrong direction on State Route 23 in Scioto

County, which could have resulted in a deadly or debilitating head-on collision with another driver. Sines-Riley is fortunate that his conduct did not result in a fatality.

**{¶17}** Sines-Riley was initially indicted on a total of 47 charges arising from these actions. The evidence at trial showed that Sines-Riley's crime spree caused damages to multiple camper owners and to several of Arrick's Propane's fuel trucks. He intended to use the proceeds from selling the stolen property to procure illegal drugs for himself. When the trial court asked Sines-Riley if he had anything to say before the trial court revisited the sentencing, he replied, "I just ask you to take it easy. I mean, I feel like I've learned my lesson. I've done time. I'm trying to get home to my daughter."

**{¶18}** We find that the large number of offenses Sines-Riley committed in this single night of criminal activity and its impact on the residents of the community supported the trial court's imposition of consecutive sentences. His behavior demonstrates a complete lack of regard for the safety and property of others. We do not find that the record does not clearly and convincingly support consecutive sentences. Thus, we find that the trial court did not err in imposing consecutive sentences. We overrule the first assignment of error.

### B. Restitution

**{¶19}** Sines-Riley contends that the trial court erred in ordering restitution to Abby Floyd because the jury found him not guilty on that theft count (Count 16). He also contends that the restitution order to Tim Wheeler exceeds that amount of economic loss he suffered.

**{¶20}** The trial court's original judgment of conviction contained a restitution order. Sines-Riley did not raise any errors concerning the trial court's restitution order in his first appeal. *See Sines-Riley*, 2024-Ohio-2860, ¶ 18 (listing the assignments of error). Therefore, his second assignment of error is barred by res judicata. *State v. Marshall*, 2025-Ohio-576,

¶ 12 (6th Dist.) (the scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing); *State v. Saxon*, 2006-Ohio-1245, ¶ 19 (a defendant who fails on direct appeal to challenge an aspect of the sentence imposed on him is barred by res judicata from appealing the sentence following a remand for resentencing on other sentencing errors.).

**{¶21}** Additionally, we find that any error in the restitution order was invited by Sines-Riley. At the initial sentencing hearing, the State and Sines-Riley entered a stipulation for restitution. Thus, he cannot now complain that the order is erroneous.

THE COURT: . . . There was a stipulation of restitution previously. Do you have those figures?

STATE: Yes, Your Honor. The - - the stipulation as I understood it, was for both victims who had submitted victim impact statements. One is Ms. Abby Floyd, who is present here today. She was for the amount of $1,599.39. And then there was a Mr. Tim Wheeler, for an additional $150.00. And that - - the total of those two amounts is what was also stipulated by the Codefendant, who previously pled and has been sentenced by the Court.

THE COURT: And the Defense is stipulating to those figures?

DEFENSE COUNSEL: We are, Your Honor.

**{¶22}** "The doctrine of invited error specifies that a litigant may not 'take advantage of an error which he himself invited or induced.' " *State v. Dixon*, 2022-Ohio-4454, ¶ 42 (4th Dist.), quoting *State v. Sowell*, 2016-Ohio-8025, ¶ 50. Because Sines-Riley stipulated to the amounts owed to the persons identified in the restitution order, he cannot take advantage of any errors in it.

**{¶23}** We overrule the second assignment of error.

## IV. CONCLUSION

**{¶24}** We overrule Sines-Riley's assignments of error and affirm the trial court's

judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant to pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY:_____
        Michael D. Hess, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**